### Louis A. Holland *vs.* West End Street Railway Company.

Suffolk.    November 19, 1891. — January 8, 1892.

Present: Allen, Knowlton, Morton, & Lathrop, JJ.

*Personal Injuries — Intoxicated Person — Due Care — Contributory Negligence.*

In an action against a street railway corporation for personal injuries occasioned to the plaintiff by being thrown from a horse car and run over, there was evidence that the plaintiff was drunk at the time of the accident, and had been in that condition for the preceding twenty-four hours; that he had no recollection of taking the car, or of any of the facts connected with the accident, and first came to a realization of his injuries at the hospital; that shortly before the accident he was standing on the front platform, with his hands on the guard rail and his body swaying back and forth; that the rate of speed was moderate, being four or five miles an hour, and that, although the up and down motion of the car was such at the time the plaintiff went off as to throw another passenger towards the driver, his face striking the driver's shoulder, there was no evidence of any defect in the rails or in the road bed. *Held,* that the jury would not have been warranted in finding that the plaintiff exercised due care, or that his intoxication did not contribute to the injury.

Tort, for personal injuries occasioned to the plaintiff by being thrown off a horse car belonging to the defendant and run over. Trial in the Superior Court, before *Dunbar*, J., who ruled on the evidence that the plaintiff could not maintain the action, and ordered a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*E. B. Callender & P. S. Maher*, (*E. S. Hill* with them,) for the plaintiff.

*M. F. Dickinson, Jr. & W. B. Sprout*, for the defendant.

LATHROP, J.   If a passenger on a horse car is injured while intoxicated, this fact alone does not prevent his maintaining an action; but if his intoxication contributes to the injury in any degree, he cannot recover. *Maguire* v. *Middlesex Railroad*, 115 Mass. 239.   See also *Alger* v. *Lowell*, 3 Allen, 402.

That the plaintiff in this case was drunk at the time of the accident is not disputed, and the evidence introduced in his behalf shows that he had been in this condition for the preceding twenty-four hours.   He himself testified that he had no recollection of taking the car, or of any of the facts connected with the accident; and that he first came to a realization of his injuries at the hospital, to which he was taken after the accident.

Shortly before the accident, he was standing on the front platform, with his hands on the guard rail and his body swaying back and forth.   The rate of speed was moderate, being four or five miles an hour; and although the up and down motion of the car was such at the time the plaintiff went off as to throw another passenger towards the driver, his face striking the driver's shoulder, the bill of exceptions states that there was no evidence of any defect in the rails or in the road bed.   There is, therefore, nothing to show that there was anything extraordinary in this motion.   See *Stewart* v. *Boston & Providence Railroad*, 146 Mass. 605.

On this evidence, we are of opinion that the jury would not have been warranted in finding that the plaintiff exercised that degree of care which men of ordinary prudence and caution exercise under like circumstances, or in finding that the plaintiff's condition did not in any degree contribute to the injury. The ruling of the presiding justice directing a verdict for the defendant was therefore right.

*Exceptions overruled.*