ADAMS

*v.*

THE WASHINGTON AND GEORGETOWN RAILROAD COMPANY.

PRACTICE; DIRECTION OF VERDICT BY COURT; STREET RAILROADS NEGLIGENCE; CONTRIBUTORY NEGLIGENCE.

1. When it is questionable whether or not a verdict should be directed by the trial court, all doubt should be resolved in favor of trial by jury.

2. A trial court is never justified in directing a verdict for the defendant except in cases where, conceding the credibility of witnesses and giving full effect to every legitimate inference that may be deduced from their testimony, it is, nevertheless, plain that the plaintiff has not made out a case sufficient in law to entitle him to a verdict and judgment thereon.

3. Riding on the front platform of a cable car, especially if the car is crowded, with the express or implied consent of the company's servants, is not negligence *per se.*

4. Where a passenger standing on the platform of a cable car with his back to the car and his hands in his pocket, on a cold night is thrown therefrom by a lurch of the car as it rounds a curve and injured, it is for the jury to say whether the act of the passenger in so standing was negligent and contributed in an appreciable degree to the injury; and so, too, is the question whether his previous indulgence in intoxicating liquors had a like effect.

5. In an action by the passenger against a railway company to recover damages for injury so received, and where it is shown that the company, although not required by law to do so, with

the knowledge of the public maintained platform gates, and usually kept the gate closed on the side of the car next to the parallel track as matter of precaution, it is for the jury to say whether the failure of the company's servants to close such gate upon a certain occasion is negligence, and to determine the probable effect of such failure as contributing to the accident.

No. 548. Submitted April 20, 1896. Decided May 20, 1896.

HEARING on an appeal by the plaintiff from a judgment on a verdict directed by the court in an action to recover damages for a personal injury. *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. C. M. Smith* and *Mr. Edwin Forrest* for the appellant:

1. It is the duty of the carrier of passengers to exercise the highest order of care and skill that modern appliances afford. When a company accepts a person as passenger, to carry him for hire to a certain point, it undertakes to carry him safely by the use of the utmost care and diligence. *Hughson* v. *Railroad Co.*, 2 App. D. C. 103 ; *Railroad Co.* v. *Tobriner*, 147 U. S. 571.

2. It is not negligence *per se* for a passenger to ride on the platform of a car, especially under the circumstances shown in this case. *Railroad Co.* v. *Tobriner*, 147 U. S. 571; *Railroad Co.* v. *Snashall*, 3 App. D. C. 420, and cases; *Matz* v. *Railroad Co.*, 53 N. W. Rep. 1071 ; *Upham* v. *Railroad Co.*, 85 Mich. 12 ; *Werle* v. *Railroad Co.*, 98 N. Y. 650; *Fleck* v. *Railroad Co.*, 134 Mass. 481; *Brusch* v. *Railroad Co.*, 55 N. W. Rep. 57; *Clark* v. *Railroad Co.*, 36 N. Y. 135.

3. The burden of showing contributory negligence is by law put upon the defendant. *Railroad Co.* v. *Carrington*, 3 App. D. C. 101 ; *Railroad Co.* v. *Tobriner*, 147 U. S. 571.

4. The evidence in this case was sufficient to be submitted to the jury. *Gardner* v. *Railroad Co.*, 150 U. S. 361 ; *Railroad Co.* v. *Carrington*, 3 App. D. C. 101; *Gaslight Co.* v. *Poore*, 3 App. D. C. 127; *Railroad Co.* v. *Powers*, 149 U. S. 43; *Rail-*

road Co. v. *Pollard*, 22 Wall. 341; *Railroad Co.* v. *Glover*, 92 Ga. 132.

*Mr. Enoch Totten, Mr. J. S. Flannery* and *Mr. W. D. Davidge* for the appellees :

1. The plaintiff's gross negligence was the direct and proximate cause of the accident. He might have taken a safe position inside of the grip car or coach, but made no effort to do so. One who stands unnecessarily upon the platform of a car, when there is room for him inside, must take the risk of the situation. *Railroad Co.* v. *Carroll*, 5 Ill. App. 201 ; *Quinn* v. *Railroad Co.*, 51 Ill. 495 ; *Hickey* v. *Railroad Co.*, 14 Allen, 429 ; *Torrey* v. *Railroad Co.*, 147 Mass. 412 ; *Gavett* v. *Railroad Co.*, 16 Gray, 501 ; *Andrews* v. *Railroad Co.*, 2 Mackey, 137 ; *Clark* v. *Railroad Co.*, 36 N. Y. 135.

It is a well settled rule that it is the duty of a passenger to place himself in a safe position in the car, and that he assumes the ordinary risks of voluntarily riding on the front platform. It is a place of danger and its occupation by a passenger voluntarily is *prima facie* evidence of negligence. Booth on Street Railways, Sec. 338; *Solomon* v. *Railway Co.*, 1 Sweeney, 298 ; *Railway Co.* v. *Donovan*, 10 So. Rep. 139. The fact that all the seats in a car were occupied and the aisle so crowded that standing there would have been a discomfort to the plaintiff does not excuse him for standing on the platform. *Worthington* v. *Railroad Co.*, 64 Vt. 107.

The plaintiff not only voluntarily occupied a dangerous position, but failed to take the most ordinary precautions to insure his safety. Where a person puts himself in a position of obvious danger, without taking the precaution to protect himself from the dangers of the position he so assumes, he is guilty of negligence in law, and the court should instruct the jury to return a verdict for the defendant. *Warner* v. *Railroad Co.*, 7 App. D. C. 79 ; *Railroad Co.* v. *Wright*, 7 App. D. C. 295 ; *Elliott* v. *Railroad Co.*, 150 U.

S. 245 ; *Malcolm* v. *Railroad Co.,* 106 N. C. 65 ; *Ward* v. *Railroad Co.,* 11 Abb. Pr. 411 ; *Francisco* v. *Railroad Co.,* 78 Hun, 13 ; *Holland* v. *Railroad Co.,* 155 Mass. 387 ; *Railroad Co.* v. *Hoosey,* 99 Pa. 492.

2. The plaintiff failed to prove negligence upon the part of the defendant directly contributing to the accident. He attempts to shift responsibility for his negligence by asserting that the open gate and the motion of the train were the primary causes of the accident. One cannot assume a position of danger and then complain of injury from negligence which could cause no injury except to one in that dangerous position. In such a case a nonsuit is proper. *Railroad Co.* v. *Jones,* 95 U. S. 439 ; *Hazard* v. *Railroad Co.,* 1 Biss. 503.

The plaintiff failed to prove any negligence in the operation of the train or any defect in the track or roadbed which would produce an unusual jerk or jolt. There is not a scintilla of evidence in the record to prove that the jerk, jolt, or lurch, which is alleged to have caused the plaintiff to fall, was anything more than the vibratory motion of the car necessarily incident to the operation of the defendant's road. He cannot complain of the ordinary and necessary jerking or lurching of the car, especially when he was familiar with it. See, in addition to cases above cited, *Hayes* v. *Railroad Co.,* 97 N. Y. 259.

The plaintiff failed to show that the defendant had any knowledge of the open gate or knew of the extra hazardous position of the plaintiff by reason thereof. He was bound to prove that the defendant had actual knowledge of the open gate and of the exposed situation of the plaintiff, and, having such knowledge, negligently omitted to take proper precautions to avoid the accident. The fact that the defendant, by the exercise of due care, might have ascertained the plaintiff's danger from the open gate will not be sufficient to charge the defendant with actual knowledge. *Railroad Co.* v. *Didzoneit,* 1 App. D. C. 482 ; *Railroad Co.* v

*Snashall,* 3 App. D. C. 420; *Cullen* v. *Railroad Co.,* 8 App. D. C. 69; *Railway Co.* v. *Geis,* 31 Md. 357.

The plaintiff must have, or should have, known the gate was open. He was in the best of all positions to discover it. Where the contributory negligence of a person is dependent upon his knowledge of the existence of a fact, he, if not physically or mentally incapacitated, must be assumed to have had that knowledge, if he had such opportunity of knowing the fact as would have made it known to a person of average capacity exercising ordinary care for his own safety. Patterson Ry. Ac. Law, p. 50; *Railroad Co.* v. *Henderson,* 43 Penn. St. 449.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. This is an action for damages for personal injuries. Whilst riding as a passenger on the front platform of a cable car on his way to the Baltimore and Ohio Railway station, about 11 o'clock at night, the plaintiff, Frank C. Adams, was thrown from the car, about the intersection of Seventh street and Pennsylvania avenue, and severely injured by a car going in the opposite direction upon the adjoining track. After the plaintiff's evidence was closed, the court, upon motion of the defendant, instructed the jury to return a verdict for the defendant.

2. The provinces of the court and jury in the Federal judiciary system are separate and distinct, and the line of division between them must be carefully observed. The ascertainment of this boundary is often a matter of difficulty in a particular case, and when the difficulty arises doubts should be resolved in favor of trial by jury, which is the constitutional right of every suitor in the courts of common law.

It is the province of the jury to determine the credibility of the witnesses and the weight of the evidence under proper directions in respect to the principles of law applicable thereto. And the court is never justified in directing a

verdict except in cases where, conceding the credibility of the witnesses and giving full effect to every legitimate inference that may be deduced from their testimony, it is nevertheless plain that the party has not made out a case sufficient in law to entitle him to a verdict and judgment thereon. Stated in many different ways, this, we think, is substantially the doctrine of the adjudged cases that control in this jurisdiction. *Phoenix Ins. Co.* v. *Doster*, 106 U. S. 30; *Randall* v. *B. & O. RR.*, 109 U. S. 478; *G. T. R. Co.* v. *Ives*, 144 U. S. 408, 417; *Railroad Co.* v. *Powers*, 149 U. S. 43; *Gardner* v. *Railroad Co.*, 150 U. S. 349; *Chicago, etc., RR. Co.* v. *Lowell*, 151 U. S. 209, 217; *B. & P. RR. Co.* v. *Carrington*, 3 App. D. C. 101, 109; *W. Gas L. Co.* v. *Poore*, 3 App. D. C. 127, 137; *Met. RR. Co.* v. *Snashall*, 3 App. D. C. 420, 431; *Weaver* v. *B. & O. RR. Co.*, 3 App. D. C. 436, 451; *Warthen* v. *Hammond*, 5 App. D. C. 167; *Met. RR. Co.* v. *Falvey*, 5 App. D. C. 176; *B. & P. RR. Co.* v. *Webster*, 6 App. D. C. 182; *D. C.* v. *Boswell*, 6 App. D. C. 402; *W. & G. RR. Co.* v. *Wright*, 7 App. D. C. 295.

3. Tested by the rule laid down, we are of the opinion that this case should have been submitted to the jury. But in reversing it for error we are not to be understood as having, much less as expressing, an opinion as regards the weight of the evidence or the inferences properly deducible therefrom. We cannot assume that the jury would necessarily have found a verdict for the plaintiff had the opportunity been given them, nor that they must have found for the defendant. In either event, the approval and disapproval of the verdict is within the province of the trial court, and any intimation as to the proper exercise of its discretion in that regard would be an unwarrantable intrusion on the part of the appellate court.

"The judge before whom the case is tried in the first instance has the same opportunity as the jury to form an opinion with respect to the weight to be given to each witness; and one of the highest and most important functions of his

office is the power to set aside a verdict whenever, in the exercise of a sound discretion, he considers that the jury, from any cause whatever, has returned an improper or unjust verdict. One of his highest duties is the impartial and fearless exercise of this power." *Woods* v. *R. & D. RR. Co.,* 1 App. D. C. 165, 169.

In this connection, we would call attention also to what was said by this court, speaking through Mr. Justice MORRIS, in *Warthen* v. *Hammond, supra* :

" It has sometimes been said, and the statement is not an unfair inference from certain general expressions in some of the cases, that, whenever the trial court would set aside the verdict of a jury, when rendered, it may in advance direct a verdict to the contrary. But this undoubtedly states the rule too broadly. For it is not only the right, but often the duty, of a trial court, in the interest of justice, to vacate a verdict when the court is satisfied that the preponderance of evidence is against the verdict; and its action in such regard is matter of sound discretion, not to be revised on appeal by a purely appellate tribunal. And yet, though the trial court may, and often should, set aside a verdict on the ground of the preponderance of evidence being against it, and again remit the issue to a jury, it is not for that reason authorized in the first instance to direct a verdict for the party in whose favor it regards the evidence as preponderating. Where there is testimony of a substantial character to go to the jury, it is always for the jury to determine the question of the preponderance of evidence, subject to the revisory power of the court to order a new trial."

4. Riding on the platform, especially if the car was crowded, and with the implied, if not express, consent of defendant's agents, certainly did not amount to contributory negligence in law, on the part of the plaintiff. *Met. RR. Co.* v. *Snashall,* 3 App. D. C. 420, 433, and cases cited; *W. & G. RR. Co.* v. *Harmon,* 147 U. S. 571, 580; *Werle* v.

*L. I. RR. Co.,* 98 N. Y. 650 ; *Topeka City Rwy. Co.* v. *Higgs,* 38 Kan. 375.

Whether standing thereon with his back to the car and with his hands in his overcoat pockets, on a very cold night, was an act of negligence that, under the circumstances, contributed in an appreciable degree to his fall from the car, was a question for the determination of the jury. Likewise, it was for the jury to inquire if his indulgence in intoxicating liquor, of which there was some slight evidence, had a similar effect.

This case is unlike that of *Holland* v. *West End RR. Co.,* 155 Mass. 387, which is relied on by the appellee. There the plaintiff was on the platform holding to the rail and swaying to and fro. He was so drunk that he had no recollection of his situation or of the receipt of the injury. There was no proof whatever that his fall was even contributed to by the slightest act of negligence on the part of the defendant.

5. The negligence of the defendant in this case is alleged to be in the movement of the car, at a slight turn in the track, and in the failure to shut the platform gate on the side next to the second track and where the plaintiff stood.

Plaintiff said that after the car left Seventh street, it " had gone but a few feet, or a few yards, when he was thrown violently sidewise off the car, and struck a car, as he was told, that was coming in another direction." He was rendered unconscious by the fall, and remained so for some time. Had this been the only evidence of the defendant's negligence, it might well have been held as falling short. Another witness, Mr. Stancliff, who was in company with the plaintiff, gave the following account of the accident: " After starting from the junction at Seventh street and the Avenue to go across the Seventh street tracks, the car came to a deflection in the track and it gave a violent side movement, and the plaintiff was pitched from the car; it was a

9 Ct. App.—4

severe lurch from side to side, and the plaintiff's head came in contact with a train coming from the opposite direction."

This "severe lurch" is not shown to have been an extraordinary and unusual one, or attributable to a defect in the track, or the result of dangerous speed at such a place, or the unskillful handling of the car by the gripman. Consequently, negligence of the defendant could not be presumed from the mere happening of the accident. It was said in *Met. RR. Co.* v. *Snashall,* 3 App. D. C. 420, 432 : "There having been no derailment, no collision, no failure of the means or appliances for transportation, no presumption of negligence on the part of the carrier could be indulged from the happening of the accident itself." That was a case where a passenger on the platform of a horse car fell therefrom at a curve in the track, and it was said that no presumption of negligence of the defendant, or of contributory negligence by the plaintiff, could be indulged from the simple fact of the plaintiff's fall. See also *Weaver* v. *B. & O. RR. Co.,* 3 App. D. C. 436, 452.

But in connection with the foregoing, the facts concerning the platform gate are to be considered. It appears from the evidence that all of the defendant's cars are equipped with adjustable platform gates, and that it is the custom to keep them closed, always, on the side next to the other track. On the night in question the cars stopped to take on passengers opposite the National Theatre, where a crowd was in waiting. To facilitate the entrance of passengers the gates were opened so that they could get on from that side without going around the end of the car or train. Plaintiff and his friend stepped upon the platform at that point. Defendant's agents failed to close these gates, and the one on the side where plaintiff stood was open at the time that he fell. Plaintiff and his friend both say they did not notice that the gate had been suffered to remain open.

It is contended that, had the gates been closed as usual, the plaintiff would have been saved thereby from the fall.

Conceding, for the sake of the argument, that this may be but slight evidence of negligence, still it was for the consideration of the jury. Whether the gate, if closed, would reasonably have secured the plaintiff's safety, and whether, if open, he ought to have known it and used greater care, for that reason, are questions of fact, and should therefore have been submitted to the jury, with appropriate instructions as to the law of the case.

There was no law requiring defendant to maintain platform gates and keep them closed on the side next to the second track, and the omission to have such gates at all might not be negligence under any circumstances. But when maintained as a matter of precaution by the defendant, with the knowledge of the public, the failure to close them on this occasion and the probable effect of such failure as contributing to the accident were proper matters for the jury to consider and determine. *B. & P. RR. Co.* v. *Carrington,* 3 App. D. C. 101, 111; *Augusta RR. Co.* v. *Glover,* 92 Ga. 132, 146.

For the reasons given, *the judgment must be reversed, with costs to the appellant, and the cause remanded for another trial. It is so ordered.*