WILLIAM B. STEWART *vs.* BOSTON AND PROVIDENCE RAIL-
ROAD COMPANY.

Suffolk.   March 6, 1888. — May 4, 1888.

Present : MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Railroad — Personal Injuries — Passenger — Negligence.*

A passenger, through his own fault, took an express train instead of a local train as he intended, and, after the train started, was told by the conductor, " You will have to ride as far as C. Junction, take the two rear cars, and come back," at a later hour. He immediately started for those cars, and in going from one car to another was thrown from the platform by a lurch of the train and a collision with another passenger, and was injured. *Held*, that the facts did not show negligence of the railroad company causing the injury.

TORT for personal injuries sustained by the plaintiff by being thrown from a car of the defendant. Trial in the Superior Court, before *Pitman*, J., who ordered a verdict for the defendant, and reported the case for the determination of this court, in substance as follows.

The plaintiff testified that he lived on the line of the defendant's railroad, and that on the afternoon of December 15, 1885, instead of taking a train that stopped at his station, as he intended, he entered another train by mistake ; that after the train had started, the conductor, on looking at his ticket, told him that the train was an express train that did not stop at his station ; that the conductor then said to him, " You will have to ride as

far as Canton Junction, take the two rear cars, and come back at half-past eight"; that he "immediately got up to take the two rear cars"; that while on his way, as he was passing from one car to another, he met a woman coming towards him; that he had just time to turn on his heel to let her pass, "when the train gave a lurch to the left, threw me off my balance, and I instinctively threw out my left hand to grasp the railing between the two cars, and this lady was thrown against me, and the next thing I knew I found myself lying on the track and that I had been hurt"; and that there was no gate on the platform of the car.

If the plaintiff was entitled to go to the jury on the above facts, then the verdict was to be set aside, and a new trial granted; otherwise, judgment was to be entered on the verdict.

*G. A. Perkins*, for the plaintiff.

*G. Putnam & T. Russell*, for the defendant.

MORTON, C. J.  The plaintiff took the wrong train through his own fault.  After the train had started, the conductor discovered this, and informed the plaintiff that he could not stop at the point to which he wished to go, but that, by taking one of the two rear cars, he could get off at a station beyond, and return to his destination at a later hour.  This was not a command or direction by the conductor that the plaintiff should go from the car he was in to the rear car, which justified him in doing so at the risk of the defendant.  In going from one car to another of a rapidly moving train, merely for his own convenience, the plaintiff took upon himself the risk of all accidents not arising from any negligence of the defendant.  While crossing over one of the platforms between the cars, the plaintiff came in collision with another passenger crossing the platform in an opposite direction, " the train gave a lurch to the left," and he was thrown from the platform.  There is nothing to show that the lurch was extraordinary, or anything more than a usual and inevitable incident of a swiftly moving train.  The evidence fails to show any negligence of the defendant which caused the accident, and the Superior Court therefore rightly directed a verdict for the defendant.            *Judgment on the verdict.*