# McAFEE *v.* HUIDEKOPER.

---

### APPELLATE PRACTICE; RAILROADS; NEGLIGENCE.

1. An objection for the first time raised on appeal in a personal injury case in which a verdict was directed for defendant, that certain evidence introduced at the trial by plaintiff was not warranted by the allegations of the declaration, will not be considered.

2. Passing from one car in a railroad train to another while the train is in motion, save under peculiar and exceptional circumstances, is not negligence in law ; but a passenger who is hurt while so doing must show in order to recover that his injury resulted from some act of negligence on the part of the railroad company.

No. 561. Submitted April 30, 1896. Decided May 20, 1896.

HEARING on an appeal by the plaintiff from a judgment on a verdict directed by the court in an action to recover damages for personal injuries. *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. W. Willoughby* for the appellant:

1. The burden of proof is on the defendant to show contributory negligence. *Railroad Co.* v. *Gais*, 31 Md. 364; *Railroad Co.* v. *Snashall*, 3 App. D. C. 432 : *Railroad Co.* v. *Volk*, 151 U. S. 73 ; *Railroad Co.* v. *Webster*, 6 App. D. C. 182.

2. A passenger is not guilty of negligence *per se* by being on the platform of a car in passing from one car to another in a moving train. *Werle* v. *Railroad Co.*, 98 N. Y. 650; *Tobriner* v. *Railroad Co.*, 147 U. S. 571 ; *Nolan* v. *Railroad Co.*, 87 N. Y. 63 ; *Willis* v. *Railroad Co.*, 34 N. Y. 675; *Buel* v. *Railroad Co.*, 31 N. Y. 314 ; *McIntire* v. *Railroad Co.*, 43 Barb. 532.

3. It was the custom of passengers on the defendant's

road to go from one car to another while the train was in
motion; the officials of the road never interfered with this
custom, there was no rule against it and no rule or notice
in relation to it. As to the effect of such custom, acquiesced
in by the company, on the defendant's liability, see *Railroad
Co.* v. *Wright,* 7 App. D. C. 295; *Railroad Co.* v. *Lowell,* 151
U. S. 200; *Warner* v. *Railroad Co.,* 7 App. D. C. 79; *Mensel*
v. *Railroad Co.,* 8 Allen, 236; *Railroad Co.* v. *Horst,* 93
U. S. 291.

4. The deceased was obliged to exercise only ordinary
care. *Railroad Co.* v. *Pollard,* 22 Wall. 341; *Mather* v. *Rills-
ton,* 156 U. S. 381; *Colegrove* v. *Railroad Co.,* 6 Duer, 416.

*Mr. Leslie Ryan* and *Mr. John P. Shepperd* for the appel-
lees:

1. That negligence of defendants must be proved in an
action like this, is a well settled principle. *Railroad Co.* v.
*Snashall,* 3 App. D. C. 432; *Weaver* v. *Railroad Co.,* 3 App.
D. C. 436; *Railroad Co.* v. *Napheys,* 90 Pa. St. 135; *Mynning*
v. *Railroad Co.,* 59 Mich. 257.

The mere fact that the accident occurred does not raise a
presumption of negligence. *State* v. *Railroad Co.,* 58 Md.
221; *Railroad Co.* v. *Snashall, supra; Holbrook* v. *Railroad
Co.,* 12 N. Y. 236; *Barnard* v. *Railroad Co.,* 60 Md. 555;
*Blanchette* v. *Mfg. Co.,* 143 Mass. 21; *Railroad Co.* v. *Stewart,*
13 Lea (Tenn.), 432.

As to the speed of the train being proof of negligence, it
has been held that no rate of speed is, as a matter of law,
negligence *per se.* Pierce on Railroads, p. 354; *Wallace* v.
*Railroad Co.,* 74 Mo. 594.

2. The evidence clearly shows the deceased was guilty of
such contributory negligence as will debar plaintiff from
recovery. Passing from car to car while train is moving
rapidly is said to be negligence *per se.* Hutchinson on
Carriers, p. 649; Beach on Con. Neg. (2d Ed.), Sec. 368;

*Railroad Co.* v. *Hoosey*, 99 Pa. St. 492 ; *Hickey* v. *Railroad Co.*, 14 Allen, 429.

Under the facts of this case, the knowledge of the deceased of this particular curve and of the lurch which the train invariably gave in rounding it, and the extraordinary warning he received on approaching the platform, by reason of the fact that he was not able to walk upright on the inside of the car without holding on to the adjoining seats, there can be no question as to the contributory negligence of the deceased.  *Stewart* v. *Railroad Co.*, 146 Mass. 605 ; *Quinn* v. *Railroad Co.*, 51 Ill. 497.

An intimation, or even direction, to a passenger to occupy a position of danger will not render the railroad liable for injuries resulting therefrom, if the danger was so obvious that a reasonable man would not have obeyed or accepted the invitation.  *Railroad Co.* v. *Jones*, 95 U. S. 439 ; *Hazard* v. *Railroad Co.*, 1 Biss. 503; *Railroad* v. *Randolph*, 53 Ill. 510; *Railroad* v. *Singleton*, 67 Ga. 307 ; *Jones* v. *Railroad Co.*, 4 App. D. C. 158 ; *Railroad Co.* v. *Fay*, 16 Ill. 558.

Mr. Justice Shepard delivered the opinion of the Court :

Tried by the rule laid down in *Adams* v. *W. & G. RR. Co.*, recently decided, [ante, p. 26], the judgment appealed from in this case must be reversed for error in the instruction to the jury to return a verdict for the defendant.

The appellant's intestate was not riding on the platform of a cable car, as Adams was; but was passing from one car to another on defendant's road in a train propelled by steam. He had purchased his ticket and entered the car with his wife, at his home station in Virginia, on his way to Washington.  There was no vacant seat for him in the car in which his wife procured a seat, and he went to the smoking car.  There he remained smoking and talking to others until the train approached the " Long Bridge."  He got up to leave the smoking car, saying that he would go forward to his wife before reaching the station, as she might other-

wise become separated from him in the crowd, which was great. When last seen he was on the platform with one hand holding his hat, and the other probably holding the knob of the car door. According to some of the witnesses, the train was running at a very high rate of speed; others estimating the speed at from twenty miles to twenty-five miles an hour. As intestate reached the platform the train turned a sharp curve and the lurch of the car threw him therefrom with great violence. His body struck the ground thirteen feet from the track, broke through a railing, and stopped rolling at a point thirty-seven feet from the track. He was unconscious when the first witness reached him, and died very soon afterwards. Several passengers, familiar with the road, testified that the lurching or swaying of the train in turning the curve on that occasion was violent and extraordinary. There were exclamations of surprise and alarm among the passengers in the car when it occurred. Passengers sitting on seats were almost thrown from them, and others who sat on the arms of seats because there were no others, owing to the crowded condition of the car, were thrown violently across the aisle.

Another witness testified that about six days before the accident he had noticed, in passing over this curve, a depression in the track, caused, as he thought, by a "floating tie." He said: "A tie was loose, or two or more ties were loose, and as the train passed over them, it caused the ties to sink and the train and cars to sway at that point." This evidence was admitted without objection at the time, but it is now insisted that it ought not to be considered because its introduction is not warranted by the allegations of negligence in the declaration. Into that point it is unnecessary now to inquire. If the declaration is in fact insufficient, or if there is any doubt on that point, it can and ought to be amended before another trial. Had this objection been made at the trial, the defect of allegation, if it exists, might have been cured in time to prevent injury. As the

case was decided upon the equivalent of a demurrer to the plaintiff's evidence as a whole, it would be unjust and unreasonable now to deprive the' appellant of the benefit of this evidence in the consideration of the case as it stands.

We have heretofore held that merely riding upon the platform of a horse or cable car is not negligence *per se.* *Met. RR. Co.* v. *Snashall,* 3 App. D. C. 420, 433 ; *Adams* v. *W. & G. RR. Co., ante,* p. 26.

Whether riding on the platform of a car or steam railway would or would not, under any circumstances, amount to negligence in law, is a question that we need not now decide. The intestate was not riding upon the platform of the car. He was in the act of crossing the platform on his way from the smoking car to that in which his wife was seated. His motive is not material. There was no rule of the defendant prohibiting such passing from car to car, and there had been no attempt, by locking the doors or otherwise, to prevent passengers from so doing. Railway companies have smoking, sleeping and dining cars attached to their trains for the convenience and accommodation of passengers. Passengers often go, without objection, to the former, and are often invited to go to the latter, whilst the train is in rapid motion. Accidents rarely happen in passing from car to car, though the act may be said to be necessarily attended with more or less risk at all times. Under all the circumstances, we think it would be unreasonable to hold that passing from one car to another, save under peculiar and exceptional circumstances, would be negligence as matter of law. The most that can with reason be said is, that the passenger who passes from car to car under ordinary circumstances, when the train is in motion, takes the ordinary risk that may attend the act ; and if hurt in so doing, he must show, in order to recover, that his injury resulted from some act of negligence on the part of the defendant. This is all that is decided in the case, much relied on by the appellee, of *Stewart* v. *Railroad Co.,* 146

Mass. 605. No presumption of negligence can arise from the mere receipt of injury under such circumstances.

The evidence in respect of the operation of the train by the appellees as receivers of the Richmond and Danville Railroad Company is not as strong as it might have been; but it was sufficient to go to the jury on that point, and the direction to the jury cannot be sustained on that ground.

For the error pointed out, *the judgment must be reversed, with costs to the appellant, and a new trial awarded.*