# HARBISON

*v.*

# THE METROPOLITAN RAILROAD COMPANY.

---

STREET RAILWAYS; NEGLIGENCE; CONTRIBUTORY NEGLIGENCE; PRESUMPTIONS.

1. Whilst a passenger may, with the express or implied consent of the carrier, ride upon the platform, step or footboard of a car without incurring the imputation of contributory negligence as matter of law, he thereby assumes the increased risk that may result therefrom in the ordinary course of things when the car is properly driven or managed.
2. A passenger injured during the period of such exposure must, in order to recover, show affirmatively that the accident was caused, in whole or in part, by the negligent act of the carrier.
3. The space of four feet between the inner rails of a double track street car line cannot be said, as matter of law, to be so small as to be dangerous to passengers on the cars, where such space of four feet is the minimum distance authorized by law.
4. Where a passenger, in attempting to pass along the footboard of a car to the rear platform while the car was in motion, was struck by a car coming from the opposite direction on the other track and injured, and the evidence showed that the two tracks were distant from each other the minimum distance required by law, and there was no evidence of any defect either in the tracks or in the cars causing them to lurch and come closer together than usual at the point where the accident occurred, it was *held* that no presumption of negligence on the part of the defendant arose from the happening of the accident, nor of contributory negligence on the part of the plaintiff from having remained on the footboard instead of entering the car.

No. 567.  Submitted May 8, 1896.  Decided June 1, 1896.

HEARING on an appeal by plaintiff from a judgment on a verdict directed by the court in an action to recover damages for personal injuries.  *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. O. B. Hallam* for the appellant:

1. Under the ruling of the general term in *Andrews* v. *Railroad Co.*, 2 Mackey, 137, a passenger who rides on a platform when there is even standing room inside assumes all the perils of the position. Hence, it was not only the privilege but the duty of the appellant to proceed in search of a seat, as he did, and if while so doing he was struck by another car of the same company, there can be doubt that the doctrine *res ipsa loquitur* applies, and that it was incumbent on the appellee to explain how the accident happened, which it had all the facilities for doing, and exonerate itself, if it could.

It was clearly within the power of the appellee to have explained and shown that it was without fault, if such was the truth. Under such circumstances it is well settled that, as to an injury to a passenger at least, the burden of proving due care is placed upon the defendant. In *North Baltimore Pass. Railway Co.* v. *Haskell*, 28 Md. 517, this instruction was approved : " If the jury believe that the plaintiff was a passenger on one of defendant's cars, and whilst being carried thereon was injured by a collision of said car with a railroad car on another track close to defendant's track, then the presumption is that the injury resulted from the negligence of the defendant, and the plaintiff is entitled to recover, unless the defendant shows that said injury did not result from its negligence or that the accident could have been avoided by the exercise of ordinary care on the part of the plaintiff." The same law is applicable in the case at bar, for it is none the less a collision that the car collided with the person of a passenger instead of another car. *Smith* v. *Railroad Co.*, 32 Minn. 1.

" It is not incumbent on the plaintiff, after proving an accident which implies negligence, to go further and show what the particular negligence was, when, from the circumstances, it is not in his power to do so." *Festal* v. *Railroad*

*Co.,* 109 Mass. 406. In 2 Amer. & Eng. Encyc. of Law, 768, it is said, "Where circumstances are proven from which it may fairly be inferred that there is a reasonable probability that the injury resulted from the want of some precaution which the carrier might, and ought to, have resorted to there is, in the absence of explanation by the carrier, a presumption of negligence upon its part," citing the following cases: *Scott* v. *Docks Co.,* 3 H. & C. 596; *W. T. Co.* v. *Downer,* 11 Wall. 129; *Railroad* v. *Mitchell,* 11 Heisk. (Tenn.) 400.

In the recent case of *Sheridan* v. *Foley,* it was held by the Supreme Court of New Jersey, that where one engaged in laying a sewer in a building is injured by a falling brick, in the absence of explanation by the contractor doing it, it will be presumed that it occurred from want of reasonable care on his part, and he is liable for injuries received; the court citing the cases of *Kearney* v. *Railway Co.,* L. R. 5 Q. B. 411, and 6 Q. B. 759, where a passer-by was struck by a brick falling from a bridge pier; of *Byrne* v. *Boadle,* 2 Hurl. & C. 722, where a passer-by was injured by a barrel falling from defendant's shop window; and of *Bahr* v. *Lombard,* 53 N. J. Law, 233.

2. But it was not necessary to rely on presumptions, however clearly authorized to do so, as appellee's negligence was clearly proven in at least three particulars. 1st. In starting the car while appellant was on the footboard. This court, in the recent case of *Railroad Co.* v. *Klein,* 8 App. D. C. 75, held that it was the duty of the conductor to hold the car until the passenger had secured a seat or had had reasonable opportunity to do so, and that failure to do so, *i. e.,* starting the car prematurely, was negligence. 2d. In failure on the part of the conductor to protect appellant from the other car approaching, either by warning him or by stopping one or both of the cars. It will be observed that as the appellant started to the rear the conductor started to the front; hence he was in a position to see the

other car approaching, and must or should have known of appellant's position of peril.

In 23 Am. & Eng. Encyc. of Law, 1014, it is said : " If the car is so crowded that there is no room except upon the platform, and the conductor stops and allows the passenger to get on, the presumption of the passenger's negligence does not exist; the company must assume all risks when it requires passengers to ride in such a place," citing: *Railroad Co.* v. *Higgs*, 38 Kan. 375 ; *Geitz* v. *Railroad Co.*, 72 Wis. 307 ; *Railroad Co.* v. *Lee*, 30 N. J. L. 435 ; *Spooner* v. *Railroad Co.*, 54 N. Y. 230 ; *Werle* v. *Railroad Co.*, 98 N. Y. 650 ; *Lapointe* v. *Railroad Co.*, 144 Mass. 18 ; *Willis* v. *Railroad Co.*, 34 N. Y. 670.

3d. In running cars of this character on tracks so close together as to permit of passengers being struck by passing cars. The space between the tracks was proven to be 17 inches. The cars are so built that the projection of the body of the car is at least equal to that of the footboard, hence it appears that there was only a clear space of $13\frac{1}{2}$ inches between the two cars. This is too narrow a margin to permit of a passenger moving safely along the footboard with the oscillation incident to moving from stanchion to stanchion, either of his hips or his head, according to the style of movement he may adopt.

In *Railway Co.*, v. *Higgs, supra*, it was held that riding on the footboard is not negligence *per se*, and when the company permits such riding, and runs cars so near that passengers are injured, it is gross negligence. To the same effect see Beach on Contributory Negligence, Secs. 149, 293 ; *Craighead* v. *Railroad Co.*, 5 N. Y. Sup. 437; *Summers* v. *Railroad Co.*, 43 La. Ann. 139 ; *Railroad Co.* v. *Pondrum*, 51 Ill. 340 ; *Railroad Co.* v. *Kennard*, 21 Pa. St. 203.

The appellee's officers seem to have always entertained the idea that their tracks were too close together to permit of running cars like this, for until a year before the accident they kept the inner side railed in, and without a foot-

board. The appellant's accident, happening early in the second season, demonstrates the wisdom of their earlier course, and the danger of the innovation ventured on, and stamps the new car as one not properly constructed for the purpose to which it was put.

In *Coleman* v. *Railroad Co.*, 114 N. Y. 609, where a passenger, moving along a footboard, struck against a post 1 foot 8 inches to 2 feet distant, it was held that the company was responsible, the court holding the only question to be whether the passenger was, under the circumstances, justified in getting from a seat on to the footboard. See also, *Elliott* v. *Railway Co.* (R. I.), 28 Atl. Rep. 338.

*Mr. Nathaniel Wilson* for the appellee:

1. The testimony adduced on behalf of the plaintiff, set out in the bill of exceptions, does not prove, nor indeed tend to prove, negligence on the part of the defendant, nor does it prove, or tend to prove, that the injury of which the plaintiff complains was caused by the defendant's car.

2. No testimony was given tending to prove the most material allegation, that the space between the two tracks was not of sufficient width to permit two cars to pass each other with safety to those standing on the inner footboard. The distance between the tracks being in accordance with the requirements of law, it was certainly incumbent on the plaintiff to show affirmatively what remained of that space beyond the edge of the footboard of the summer car, and between that edge and the side of the car by which it is alleged the plaintiff was struck, and to show that the remaining space was insufficient.

3. It is plain that, under the circumstances disclosed by the record, the starting and propelling of the car, while the plaintiff was on the footboard, was not itself an act of negligence, for neither the one act nor the other was the direct cause of the injury complained of. The only effect of the defendant's act in starting and moving its car was to

bring the plaintiff to the point where the approaching car was met and which it is obvious could have been safely passed by the plaintiff but for the act of the plaintiff, or some person other than the defendant.

4. The plaintiff's case cannot be established by the mere *presumption* of negligence arising from the fact that the plaintiff was injured. It is settled law, of course, that the happening of an injurious accident to a passenger is *prima facie* evidence of negligence on the part of the carrier in cases of mismanagement or misconstruction of the vehicle over which the defendant has control. But this is not the case when the testimony on behalf of the plaintiff shows merely the happening of the accident to a passenger and the burden of proof as to the cause of the accident is not on the defendant. An attempt was made on behalf of the plaintiff himself to prove what was the real cause of the accident, and the proof so adduced showed an absence of negligence on the part of the defendant, and the accident to the plaintiff is just as explainable, to say the least, by inferring that it was received by the plaintiff's own act. In such cases the presumption of negligence does not arise. *Transportation Co.* v. *Downer*, 11 Wall. 130. There having been no derailment, no collision, no failure of the means or appliances for transportation, no presumption of negligence on the part of the carrier can be indulged in from the mere happening of the accident itself. *Railroad Co.* v. *Snashall*, 3 App. D. C. 432.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is an action for damages for personal injuries, and the question on the appeal is, whether the court erred in directing a verdict for the defendant upon the close of the testimony on behalf of the plaintiff.

By reason of its particular facts, the case is clearly distinguishable from that of *Adams* v. *W. & G. R. Co., ante*, p.

26, the judgment in which was reversed because the case had been taken from the jury by a direction to find for the defendant. By analogy, we think it comes within the principle of *Weaver* v. *B. & O. R. Co.*, 3 App. D. C. 436, and that the court did not err in the instruction to the jury.

The facts shown by the evidence of the plaintiff are these : The defendant, the Metropolitan Railroad Company, has a double track, the inside rails of each of which are four feet apart. The charter of the company required the rails to be not less than four feet and not more than six feet apart, and to be located under the supervision of the municipal authorities.

May 12, 1894, the plaintiff, James M. Harbison, accompanied by a girl eight years of age who was in his charge, took passage in a horse car going east, at F and Seventh streets. It was an open summer car, with benches running entirely across it, from side to side. The means of entrance was by a footboard running along each side of the car, from end to end. The width of this footboard was not given; but it was shown that it was seventeen inches from its outer edge to the nearest rail of the track on which the car ran. The plaintiff, after mounting the footboard, on the side next the other track, and whilst standing there, paid his and the child's fare to the conductor, who was standing thereon also, and nearer the front platform.

The conductor then moved to the front. The car was somewhat crowded, and there was but one vacant seat on the bench next him in which he seated the child. The conductor rang the bell for starting after receiving the fares and before moving to the front. Plaintiff walked along the footboard towards the rear of the car, looking for a place to sit. Before reaching the end he was struck in the rear and thrown from the car.

He did not see what struck him; but it is evident that he came in contact with a closed car on the adjacent track that was moving in the opposite direction. No attempt was

made to prove the width of this car. It is conceded, however, that it extended no further beyond the rail than the open car, if in fact so far. No passenger saw how the plaintiff was thrown from the car. There was no testimony whatever tending to show that there was any defect in the tracks which might have caused the cars to lurch and come closer together than usual, or in the cars themselves that might have the same effect. There was nothing peculiar in the construction of the cars and nothing protruding from the side of the closed car that added to the ordinary danger in passing. There was no evidence that either car was recklessly driven or at a speed that would cause it to lurch more than usual from side to side.

The appellant contends that, to the facts as stated, the maxim *res ipsa loquitur* applies; that, being a passenger upon the car, a presumption of negligence arises from the happening of the accident, which the defendant is called on to rebut.

Answering the same contention in *Weaver* v. *B. & O. R. Co.,* 3 App. D. C. 436, 452, we said:

" The burden is always upon the plaintiff to make out his case. Where negligence furnishes the cause of action it must be proved by the party alleging it. There are some cases in which it has been said that the law presumes negligence on the part of the carrier from the mere happening of an accident to a passenger. This is not a strictly accurate statement of the law. The most that can properly be said is that when an injury occurs through some accident to the means of transportation which is under the management of the carrier's employees, and which, if they exercise proper care, cannot ordinarily happen, it affords reasonable evidence, in the absence of explanation, from which negligence may be inferred. *Transportation Co.* v. *Downer,* 11 Wall. 129; *Inland and Seaboard Coasting Co.* v. *Tolson,* 139 U. S. 555; *Railroad Co.* v. *State, use of Mahone,* 63 Md. 135; *Curtis* v. *Railroad Co.,* 18 N. Y. 543; *Railroad Co.* v. *Gibson,* 96

Pa. St. 83 ; *Railroad Co.* v. *Robinson*, 73 Texas 277 ; *Scott* v. *London Docks Co.*, 3 H. & C. 596 ; *Railroad Co.* v. *Snashall*, 3 App. D. C. 420, 432.   In this case, there was no derailment of the car, no injury to it or the track, no accident of any kind affecting it, or that could have affected any passenger inside the cars.   There is no legally established fact upon which to found the presumption or inference of negligence on the part of the defendant.   The sole foundation for the inference of negligence exists in the fact that intestate was instantly killed by coming in contact with the post of a bridge which is not as wide as is now customary in the construction of new bridges."

Nor is there any foundation for the contention of appellee, that contributory negligence must be presumed from the fact that plaintiff remained on the footboard, in a place of danger, instead of at once entering the car.   *Adams* v. *W. & G. R. Co.*, *supra.*   The length of time that the double tracks had been in operation does not appear; but the same summer cars had been in use for about a year and plaintiff had been in the habit of riding on them.   There was no evidence that there had ever been a similar collision or accident.

It cannot be said, as matter of law, that the tracks were too close together for ordinary safety.   Having been located . according to the act of Congress, and subject to the approval of the authorities charged with the control of the streets and the regulation of their use, the presumption would lie, in the absence of proof to the contrary, that they were at a safe distance apart.

Had the other car been an open summer car, like that on which the plaintiff stood, there would have been at least fourteen inches between their respective footboards as they passed each other, unless reduced by a defective track or unusual speed at the time.

The width of the footboard is not given, but it was necessarily wide enough for a man to stand and walk upon, while

holding to the standards of the car and the hand rails thereon. As the other car was a closed one, the danger of collision was certainly not increased by the fact that no passenger could diminish the open space by standing outside of it.

It must be borne in mind, too, that there was no proof whatever that there had been an increase in the width of cars since the construction of the tracks, or that either of the cars in question was of an extraordinary or unusual width as compared with those that had been customarily used.

We think the doctrine a reasonable one, and agree with the Court of Appeals of New York in saying in a case much like this: " The defendant was not bound to so construct its tracks that it would be impossible for a passenger to be struck by another car while he was standing on the outside of an open car." *Craighead* v. *B. C. R. Co.*, 123 N. Y. 391, 395.

The true rule surely must be that whilst a passenger may ride on the platform, step or footboard of a car, with the express or implied consent of the carrier, without incurring the imputation of contributory negligence as matter of law, he thereby, however, assumes the increased risk that may result therefrom in the ordinary course of things when the car is properly driven or managed. If hurt during the period of this exposure, he must, in order to recover, show affirmatively that the accident was caused, in whole or in part, by some negligent act of the carrier. *McAfee* v. *Huidekoper, ante,* p. 36 ; *Adams* v. *W. & G. R. Co., ante,* p. 62 ; *Stewart* v. *Railroad Co.,* 146 Mass. 605.

That negligence may be presumed from the happening of the accident under the circumstances and in the manner referred to hereinabove, or it may be matter of reasonable inference by the jury from the facts and circumstances given in evidence. But conjecture is not sufficient.

" No inference of fact or of law is reliably drawn from premises which are uncertain. Whenever circumstantial

evidence is relied upon to prove a fact, the circumstances must be proved and not themselves presumed." *United States* v. *Rose*, 92 U. S. 281; *Manning* v. *Insurance Co.*, 100 U. S. 693; *Weaver* v. *B. & O. R. Co.*, 3 App. D. C. 436, 455.

The points indicated above mark the essential difference between this case and that of *Geitz* v. *M. C. R. Co.*, 72 Wis. 307, which has been greatly relied on by the appellant. In that case the question of negligence was left to the jury because there was evidence tending to show that the car on the adjacent track, which struck the plaintiff, was being driven at an unusually rapid rate of speed that caused it to lurch and sway from side to side much more than usual. It was properly left to the jury to ascertain whether this extraordinary speed and consequent swaying of the car beyond the ordinary limit had an appreciable effect in producing the accident.

There was no such evidence in this case. Taking the evidence as a whole and giving the plaintiff the benefit of every legitimate inference that can be deduced from it, there is no foundation upon which a verdict in his favor could stand.

The judgment must therefore be affirmed, with costs to the appellee. And it is so ordered.

*Affirmed.*

A motion for rehearing was made and overruled.