# SULLIVAN *v.* CAPITAL TRACTION COMPANY.*

---

INSTRUCTIONS TO JURY; EVIDENCE; BURDEN OF PROOF; WEIGHT OF EVIDENCE; CARRIERS; NEGLIGENCE; RES IPSA LOQUITUR; WITNESSES; TRIAL.

1. It is not error for the trial court to refuse a special instruction to the jury, where its material parts are embraced in another instruction it has granted, and which contains a proper statement of the law.

2. It is not error for the trial court to refuse special instructions to the jury asked by the plaintiff, which relate to a single circumstance in evidence and seek to establish negligence on the part of the defendant therefrom. (Following *Davis* v. *Coblens,* 12 App. D. C. 51; *Wallace* v. *United States,* 18 App. D. C. 152; *Bradford* v. *National Ben. Asso.* 26 App. D. C. 268; *Turner* v. *American Secur. & T. Co.* 29 App. D. C. 460.)

3. The burden of proof and the weight of evidence are two very different things. The burden of proof remains on the party affirming a fact in support of his case, and it is not changed in any aspect of the cause; the weight of evidence shifts from side to side in the progress of the trial according to the nature and strength of the proofs offered in support or denial of the main fact or facts to be considered.

---

*Carriers—Negligence.*—For a discussion of the general question of a street car passenger's negligence in riding on platform, see notes to *Capital Traction Co.* v. *Brown,* 12 L.R.A. (N.S.) 831 and *Lobner* v. *Metropolitan Street R. Co.* 21 L.R.A. (N.S.) 972; As to riding on platform as affecting right to recover for injury through accident to train or car, note to *Miller* v. *Chicago, St. P. M. & O. R. Co.* 17 L.R.A. (N.S.) 158; as to negligence of passenger in going upon platform or steps of car just before reaching his station, note to *Heinze* v. *Interurban R. Co.* 21 L.R.A. (N.S.) 715.

4. In an action by a passenger against a carrier, where the plaintiff alleges in his declaration the specific facts upon which he relies to establish the negligence of the defendant,—thus showing that they are within his knowledge,—the burden is upon him to establish negligence as the basis for recovery; and he does not make out a prima facie case calling for rebuttal or explanation by the defendant, by merely proving that he was a passenger and the occurrence of the accident by which he was injured. (Following *Jaquette* v. *Capital Traction Co.* ante, 41.)

5. The doctrine of *res ipsa loquitur* applies in an action against a carrier, by a passenger, only where the accident occurred in some manner which cannot be proved by the plaintiff,—the true cause lying solely within the knowledge of the defendant,—and where the accident was such a one as would not happen in the ordinary course of things under proper management. Under such circumstances, if the defendant offers no explanation of the accident, then want of care will be presumed, and, in the absence of satisfactory explanation, recovery may be had. (Citing *Metropolitan R. Co.* v. *Snashall,* 3 App. D. C. 420; *Weaver* v. *Baltimore & O. R. Co.* 3 App. D. C. 436; *Harbison* v. *Metropolitan R. Co.* 9 App. D. C. 60; *City & Suburban R. Co.* v. *Svedborg,* 20 App. D. C. 543.)

6. While it is not negligence *per se* for a passenger on a street railway car to ride on the front platform, although there are vacant seats in the car, he assumes the additional risk resulting therefrom in the ordinary course of things, when the car is properly managed. (Following *Harbison* v. *Metropolitan R. Co.* 9 App. D. C. 60.)

8. Where a passenger who is a cripple and who, while standing on the front platform of a street railway car, which is not crowded, in order to smoke, is thrown therefrom by the lurch of the car as it rounds a curve, and is injured; and where, in his declaration, in an action brought by him against the railway company to recover for his injuries, he alleges the facts he relies upon to show negligence on the part of the defendant and adduces proof in support thereof, it is not error for the trial court to instruct the jury that no presumption of negligence on the part of the defendant arises from the happening of the accident, and that the burden of proof is on the plaintiff to establish his case by a preponderance of the evidence.

9. Where an officer of a street railway company testifies on behalf of the defendant in a personal injury suit against the company by a passenger, that there was a sign on the car stating that it was danerous to ride on the platform, it is not error for the trial court to refuse to allow the plaintiff, on cross-examination of the witness, to seek to show the attitude of the company, aside from the warn-

ing, with respect to passengers riding on the platform of its cars, and also to show whether the company had rules forbidding passengers to ride on the platform, or had given instructions to its conductors as to the control of passengers riding thereon, especially where it does not appear that, if such rules existed, plaintiff had· knowledge of them.

10. It is not error for the trial court, in an action at law, to refuse to· allow counsel for one of the parties to read to the jury extracts from a published opinion by this court in another case. It would be highly improper to allow such a thing to be done.

No. 2036.   Submitted December 14, 1909.   Decided February 1, 1910.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages for personal injuries.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This action was brought in the supreme court of the District of Columbia by the appellant, Michael Sullivan, plaintiff below, for damages for personal injuries sustained by him through the alleged negligence of the appellee, the Capital Traction Company. For convenience, the appellant will be referred to as plaintiff and the appellee as defendant.

The declaration alleges that on the day of the accident, the 9th day of January, 1907, the defendant was the owner of and operating a line of electric street railway cars in the city of Washington as a common carrier of passengers for hire; that, as such common carrier, it was its duty to run its cars on its line of railway in a prudent and careful manner so as to avoid injury and damage to passengers being conveyed thereon; that, on the above date, the plaintiff stepped upon and stood on the front platform of the rear car of a train composed of a motor car and trailer operated by defendant, and shortly afterwards paid the usual fare to the conductor of said train, and thus became a passenger on the car of defendant, and entitled, as such, to be safely carried to his destination; and that, while riding on the front

platform of said rear car, the defendant, through its servants, ran the train forward and down the steep grade on B street, southwest, approaching First street, southwest, at such a dangerous and illegal speed as to strike the curve at the corner of said streets with great and unusual force, and thus, although plaintiff was holding on to the railing on the car, caused plaintiff to be thrown through the passageway between the cars, under the trucks and wheels thereof, where he sustained the injuries complained of. The declaration charges further that the injuries were caused by the negligence and lack of care by the defendant and its servants, without any negligence or want of reasonable care on the part of the plaintiff. To this declaration the plea of general issue was filed by the defendant. On trial, the jury rendered a verdict for the defendant. From the judgment thereon, the case comes here on appeal on the following assignments of error:

"1. In refusing to grant plaintiff's prayer as follows: "The jury are instructed that it is not, as matter of law, negligence in itself for a passenger upon a street car to ride on the platform thereof, even though there be unoccupied seats inside the car, and if in the present case they find from the evidence that the plaintiff was riding upon the platform of the car from which he was thrown, and that his being thrown from said car was the *immediate result* of the negligence of the agents of the defendant in driving said car down the steep grade on B street, approaching First, southwest, at an unduly high rate of speed and striking the curve with more than usual force, the plaintiff is entitled to recover, unless they further find from the evidence that the plaintiff did not exercise due, ordinary care, and thus was guilty of negligence which contributed to the production of the injury.

"2. In refusing to grant plaintiff's prayer number two, as follows:

"The jury are further instructed that while, under the police regulations in force in this District, it is unlawful for an electric car to attain a speed greater than 12 miles an hour within the city limits, or a speed greater than 6 miles an hour at street

crossings, yet it does not necessarily follow that such cars are allowed by said police regulations to maintain such a rate of speed under all circumstances, regardless of conditions or dangers that may arise requiring a slowing down to a less rate of speed. The rate of speed thus prescribed is the maximum rate not to be exceeded at any time; but such speed should be reduced whenever circumstances arise requiring, or the situation or condition of the tracks require, a lesser rate of speed to conduce to the safety of the passengers on said car, whether seated within or standing on the platform thereof with the express or implied consent of the defendant; and if, in this case, the agents of defendant drove said car on which plaintiff was standing down said steep grade and around said curve at First and B streets, southwest, at a rate of speed exceeding 6 miles an hour, or at a greater rate of speed than was consistent with the safety of the passengers on said car, whether seated within or standing on the platform thereof as aforesaid, by reason whereof the plaintiff was thrown from said car and injured thereby, he is entitled to recover, unless the jury further find from the evidence that the plaintiff contributed to the injury by a lack of due, ordinary care while standing upon said platform at the time said injury occurred.

"3. In refusing to grant plaintiff's prayer number three, as follows:

"The jury are further instructed that while, by a rule of the defendant corporation, it is not allowed to attain a speed greater than 4 miles an hour while rounding curves, yet it does not necessarily follow that such cars are allowed by said rule of defendant corporation to maintain such rate of speed under all circumstances, regardless of conditions or dangers that may arise requiring a slowing down to a less rate of speed. The rate of speed thus prescribed is the maximum rate not to be exceeded at any time; but such speed should be reduced whenever circumstances arise requiring, or the situation or condition of the tracks require, a lesser rate of speed to conduce to the safety of the passengers on said car, whether seated within or standing on the platform thereof with the express or implied consent of the defendant; and if, in this case, the agents of defendant drove

said car in which plaintiff was standing down said steep grade and around said curve at First and B streets, southwest, at a rate of speed exceeding 4 miles an hour, or a greater rate of speed than was consistent with the safety of the passengers on said car, whether seated within or standing on the platform thereof as aforesaid, by reason whereof the plaintiff was thrown from said car and injured thereby, he is entitled to recover, unless the jury find from the evidence that the plaintiff contributed to the injury by a lack of due, ordinary care while standing upon said platform at the time said injury occurred.

"4. In granting the following instruction offered by the defendant:

" 'The jury are instructed as matter of law that in the case at bar no presumption of negligence on the part of the defendant arises from the happening to the plaintiff of the accident in question; the burden of proof is on the plaintiff to prove such negligence by a preponderance of the evidence.'

" "5. To the following portion of the court's charge:

" 'I want to say to you, in the first place, as a matter of law, that the mere fact of the happening of the accident in this case does not imply negligence on the part of the defendant, and therefore the burden of proof is upon the plaintiff to establish, by a preponderance of the evidence, that his injury was the direct result of the negligence of the defendant.'

"6. To the following portion of the court's charge:

" 'The plaintiff can only recover when he has satisfied you by a preponderance of the evidence that his injuries were the result of the negligence of the defendant company, and that, even if you should find the defendant company was negligent in the manner in which it was operating its train at the time and at the point of the accident, yet if the plaintiff himself was negligent and his negligence contributed to his injuries, then he is not entitled to recover, notwithstanding the negligence of the defendant; or, if the accident was sustained because they were mutually negligent, he cannot recover.'

"7. In refusing the plaintiff the privilege of cross-examining the second vice president and general manager of the defendant

company as to the attitude of said company towards a sign or warning, testified to by said witness as being displayed on the car in question in the following language, 'Dangerous to Ride on the Platform.'

"8. In refusing the plaintiff the privilege of cross-examining said witness as to the said sign or warning, with a view to ascertaining the practice on the part of the passengers of riding on the platforms of the cars of the defendant notwithstanding said warning.

"9. In refusing the plaintiff the privilege of cross-examining the second vice president and general manager of the defendant company, said cross-examination being for the purpose of ascertaining what steps, if any, were taken by the defendant to compel obedience on the part of the passengers to a sign or warning, testified to by said witness on his examination-in-chief, as being displayed on the car in question, in the following language, 'Dangerous to Ride on the Platform.'

"10. In admitting as independent evidence a memoranda made by Frank C. Crowe, the claim agent of the defendant, who testified that said memoranda was read over to the plaintiff at the time the statement was made by the latter, and taken down by the witness.

"11. In refusing plaintiff's counsel permission to read in his argument to the jury certain extracts from the opinion of this court in the case of *Capital Traction Co.* v. *Brown,* 29 App. D. C. 473, 12 L.R.A.(N.S.) 831, 10 A. & E. Ann. Cas. 813, said extracts being set forth in full on page 29 of the record."

*Mr. J. W. Echols* and *Mr. E. Hilton Jackson* for the appellant.

*Mr. R. Ross Perry, Mr. R. Ross Perry, Jr.,* and *Mr. G. Thomas Dunlop* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

In the refusal of the court below to grant plaintiff's instruction number one, which is the first assignment of error, we think no-

error was committed. The material parts of the instruction requested are embraced in the following instruction, which was given by the court: "Now, gentlemen, it transpires that the plaintiff, at the time he was injured, was riding upon the front platform of the trailer or rear car of the defendant's train, and therefore it is proper that I should say to you that it is, not, as matter of law, negligence in itself for a passenger upon a street car to ride upon the platform thereof, even though there be unoccupied seats in the car; and if in the present case you find from the evidence that the plaintiff was riding on the platform of the car from which he was thrown, and that his being thrown from said car was the immediate result of the negligence of the agents of the defendant in driving or running said car into and around the curve at or near the corner of B and First streets, southwest, the point of the accident, at a negligent rate of speed, so as to cause a violent or unusual swerve of said car, which would be dangerous to passengers therein and thereon, then the plaintiff is entitled to recover, unless you further find from the evidence that the plaintiff, as a passenger upon said car, was not at the time he was injured in the exercise of due and ordinary care, and that by reason thereof he contributed to his own injury." It will be observed that this instruction properly states the law relative to the case, and embraces the material points of the instruction refused.

We also think that, in refusing to grant the second and third instructions requested by plaintiff, the court committed no error. These instructions were objectionable in that they related to a single portion of the evidence, and required the jury to find negligence on the part of the defendant from that fact. As in the first assignment of error, the court gave an instruction which we think was sufficient to embrace everything requested in the second and third instructions asked by plaintiff, and which more properly submitted to the consideration of the jury the particular point involved. The instruction given by the court was as follows: "If you shall find from the preponderance of the evidence that the plaintiff was injured on the occasion in question by a lurch or jerk of the street car on which he was a pas-

senger;· in passing around ¨a curve on the defendant's car track, at the corner of First and B streets, southwest, in ·the city of Washington, District· of Columbia, and that he did not contribute to such injury by any negligence of his own, then· the jury are further¨instructed, as matter of law, that,· in · order to enable the plaintiff to recover.from.the defendant for injuries occasioned by such sudden lurch or jerk of the car, they must affirmatively find from the evidence that such·lurch or jerk was negligent and extraordinary and dangerous to passengers.    In· determining the question ·of negligence in this case, that is, whether the plaintiff was injured as the direct and proximate result of ·the negligence of .the defendant, or of his own negligence as a contributing cause thereof, or of the concurrent and mutual negligence of both parties, you should take into consideration all the facts .and circumstances of the case as they have come to you from the witness stand, guided by the instructions of the court as to the law applicable thereto." It will be observed that in this instruction the court directed the jury that, in determining the question of defendant's negligence, they should consider all the facts and circumstances of the case. In the instructions requested by plaintiff, and refused by the court, it was sought to establish negligence from a single circumstance in the case.    It has been held by this court repeatedly that it is error for the court to select from the evidence any particular part thereof for the matter of a special comment and charge to the jury. *Davis* v. *Coblens,* 12 App. D. C. 51; *Bradford* v. *National Ben. Asso.* 26 App. D. C. 268; *Wallace* v. *United States,* 18 App. D. C. 152; *Turner* v. *American Secur. & T. Co.* 29 App. D. C. 450.

We now come to the consideration of a more difficult branch of the case——the exception of the plaintiff to the granting of· certain instructions by the court, which embraces the fourth, fifth, and sixth assignments of error.   These three assignments can be considered together.

By these instructions the court cast upon the plaintiff the burden of proving by the preponderance of the evidence the, negligence of the defendant.   It is sought by counsel for plain;

tiff to invoke what some courts have loosely called a rule of evidence that, where a passenger is injured while in the care of a common carrier, it is sufficient for the plaintiff, in order to establish a prima facie case, to show that he was injured while such passenger, when the burden shifts to the defendant to negatively show that the injury occurred through no lack of care on its part, or to show that the injury was occasioned by the contributory negligence of the plaintiff. The rule that the mere happening of an accident to a passenger is sufficient to create an inference of negligence on the part of the carrier is limited to certain well-defined cases, and, we think, does not operate in any case to impose upon the carrier the burden of establishing by the preponderance of the evidence that it was free from the charge of negligence. The burden is always upon the plaintiff to make out his case. It is true that where, by the failure of appliances of transportation, or by collision, an accident happens whereby a passenger is injured, and the circumstances of the accident are peculiarly within the knowledge of the carrier, such passenger may, in his declaration and proof, content himself with establishing his right to recover, by proving that he was a passenger and sustained the injury while such. This is sufficient under such circumstances to establish a prima facie case, which, in the absence of any explanation on the part of the defendant, would entitle the plaintiff to recover; but even this does not relieve the plaintiff from establishing his case by the preponderance of the evidence. It merely raises an inference of negligence, which calls for rebuttal or explanation on the part of the defendant, and which, in the absence of such explanation, will authorize the plaintiff to recover.

We think the difficulty arises from treating the terms "burden of proof" and "weight of evidence" as synonymous. The burden of proof always remains with the party alleging the fact or state of facts in support of his case. The weight of evidence shifts from side to side during the trial accordingly as the proofs are in support or denial of the main fact or facts sought to be established. The distinction is well defined in *Cen-*

*tral Bridge Corp.* v. *Butler,* 2 Gray, 130, as follows: "The burden of proof and the weight of evidence are two very different things. The former remains on the party affirming a fact in support of his case, and does not change in any aspect of the cause; the latter shifts from side to side in the progress of a trial, according to the nature and strength of the proofs offered in support or denial of the main fact to be established." In the present case the plaintiff is bound to establish by the preponderance of the evidence his right to recover, which involves two important points: First, that he was a passenger in the sense that would entitle him to maintain his action; and, second, that the accident was caused by the negligence of the defendant. It is incumbent upon him to establish these facts. Of course, the duty of rebuttal and explanation shifts necessarily from time to time according to the proof offered by one party or the other in support or denial of the main facts upon which plaintiff's right to recover is based. In other words, the burden of establishing the negligence of the defendant is upon the plaintiff, and the burden of establishing the contributory negligence of the plaintiff is upon the defendant. All the competent testimony adduced in the trial is for the consideration of the jury, and is not to be burdened with legal presumptions, either as to the negligence of defendant, or lack of contributory negligence on the part of the plaintiff. The proof is the sole question that concerns the jury, with the general burden resting upon the plaintiff of establishing his case by the preponderance of all the evidence.

This, we think, is not only the established law of this jurisdiction, but of the courts generally. In *Metropolitan R. Co.* v. *Snashall,* 3 App. D. C. 420, a passenger was injured while riding on one of defendant's horse cars. The court said: "Under the circumstances of this accident, there having been no derailment, no collision, no failure of the means or appliances for transportation, no presumption of negligence on the part of the carrier could be indulged from the mere happening of the accident itself. *Western Transp. Co.* v. *Downer,* 11 Wall. 129, 20 L. ed. 160. Nor is it to be presumed from the mere

fact of plaintiff's fall from the car that she did not exercise ordinary care. The existence of negligence on the one hand, and of contributory negligence on the other, is to be established by reasonable inference from the facts and circumstances surrounding the accident and illustrating its cause, and not from the mere happening thereof." In *Harbison* v. *Metropolitan R. Co.* 9 App. D. C. 60, the passenger was injured while walking along the footboard, toward the rear of the car, looking for a vacant seat. It was insisted on the part of the plaintiff that the maxim of *res ipsa loquitur* applied to the facts stated, and that, being a passenger on the car, a presumption arose from the happening of the accident, which defendant was required to rebut. In the opinion, the court quoted, with approval, from the case of *Weaver* v. *Baltimore & O. R. Co.* 3 App. D. C. 436, 452, as follows: "The burden is always upon the plaintiff to make out his case. Where negligence furnishes the cause of action, it must be proved by the party alleging it. There are some cases in which it has been said that the law presumes negligence on the part of the carrier from the mere happening of an accident to a passenger. This is not a strictly accurate statement of the law. The most that can properly be said is that, when an injury occurs through some accident to the means of transportation which is under the management of the carrier's employees, and which, if they exercise proper care, cannot ordinarily happen, it affords reasonable evidence, in the absence of explanation, from which negligence may be inferred. *Western Transp. Co.* v. *Downer,* 11 Wall. 129, 20 L. ed. 160; *Inland & Seaboard Coasting Co.* v. *Tolson,* 139 U. S. 555, 35 L. ed. 271, 11 Sup. Ct. Rep. 653; *Baltimore & O. R. Co.* v. *State,* 63 Md. 135; *Curtis* v. *Rochester & S. R. Co.* 18 N. Y. 543, 75 Am. Dec. 258; *Federal Street & P. Valley R. Co.* v. *Gibson,* 96 Pa. 83; *San Antonio & A. P. R. Co.* v. *Robinson,* 73 Tex. 277, 11 S. W. 327; *Scott* v. *London Dock Co.* 3 Hurlst. & C. 596; *Metropolitan R. Co.* v. *Snashall,* 3 App. D. C. 420, 432. In this case, there was no derailment of the car, no injury to it or the track, no accident of any kind affecting it, or that could have affected any passenger inside the cars. There is

no legally established fact upon which to found the presumption or inference of negligence on the part of the defendant. The sole foundation for the inference of negligence exists in the fact that intestate was instantly killed by coming in contact with the post of a bridge which is not as wide as is now customary in the construction of new bridges." Our attention has been called to the language of Chief Justice Alvey in *City & Suburban R. Co.* v. *Svedborg,* 20 App. D. C. 543, in relation to the burden of proof on the defendant, but we cannot find that the learned chief justice went further than to hold that the burden cast upon the railroad company was that of "explaining the circumstances of the accident so as to relieve itself from liability." In the same case the chief justice quoted, in support of his decision, from the opinion of the Supreme Court in the case of *Gleeson* v. *Virginia Midland R. Co.* 140 U. S. 435, 35 L. ed. 458, 11 Sup. Ct. Rep. 859, as follows: "The law is that the plaintiff must show negligence in the defendant. This is done prima facie by showing, if the plaintiff be a passenger, that the accident occurred. If that accident was in fact the result of causes beyond the defendant's responsibility, or of the act of God, it is still none the less true that the plaintiff has made out his prima facie case. When he proves the occurrence of the accident, the defendant must answer that case from all the circumstances of exculpation, whether disclosed by the one party or the other. They are its matter of defense. And it is for the jury to say, in the light of all the testimony, and under the instructions of the court, whether the relation of cause and effect did exist, as claimed by the defense, between the accident and the alleged exonerating circumstances." In this case the plaintiff had been injured while a passenger. The accident was caused by a landslide in a railway cut caused by an ordinary rainfall. The trial court granted the following instruction: "The burden of proof is on the plaintiff to show that the defendant was negligent, and that its negligence caused the injury." Counsel for plaintiff objected and asked the court to modify this instruction by adding the words: "But that the injury to the plaintiff upon the

car of the defendant, if the plaintiff was in the exercise of or-
dinary care, is prima facie evidence of the company's liabil-
ity." This modification was refused, and it was held error
in the Supreme Court. This holding approves the rule that,
while the burden is always upon the plaintiff to establish his
right to recover by the preponderance of the evidence, in cases
where the causes of the accident are peculiarly within the knowl-
edge of the defendant, proof of the happening of the accident
establishes a prima facie case which calls for rebuttal and
explanation on the part of the defendant.

It will be observed that the court was careful in the instruc-
tions in question to apply them to the facts of the present case,
and not as an announcement of any general rule of law. As
we had occasion to intimate in a recent case (*Jaquette* v. *Cap-
ital Traction Co.* present term, ante, 41) a different rule as
to the shifting of proof applies in a case where, as in the case
at bar, the plaintiff alleges in his declaration the specific facts
upon which he relies to establish the negligence of the defend-
ant. Where these facts are within the knowledge of the
plaintiff, and they affirmatively appear in his declaration,
he assumes the burden of establishing negligence as a
basis for recovery. In such a case the plaintiff cannot estab-
lish a prima facie case calling for rebuttal or explanation by
the defendant, by merely proving that he was a passenger and
the occurrence of the accident by which he was injured. If
this right at all existed in the present case, it has been waived.
The plaintiff has estopped himself by the terms of his dec-
laration, to which defendant has taken issue, and which it was
called upon to meet at the trial. Even the application of the
doctrine of *res ipsa loquitur* does not relieve the plaintiff of
the burden imposed upon him of establishing his case by the
preponderance of the evidence. A clear statement of when
this maxim of law applies is found in Salmond on Torts, p.
29, where the author says: "The rule that it is for the plain-
tiff to prove negligence, and not for the defendant to disprove
it, is in some cases one of considerable hardship to the plain-
tiff; because it may be that the true cause of the accident lies

solely within the knowledge of the defendant, who caused it. The plaintiff can prove the accident, but he cannot prove how it happened, so as to show its origin in the negligence of the defendant. This hardship is avoided to a considerable extent by the rule of *res ipsa loquitur.* There are many cases in which the accident speaks for itself, so that it is sufficient for the plaintiff to prove the accident and nothing more. He is then entitled to have the case submitted to the jury; and it is for the defendant, if he can, to persuade the jury that the accident arose through no negligence of his. This maxim, *res ipsa loquitur,* applies whenever it is so improbable that such an accident would have happened without the negligence of the defendant, that a reasonable jury could find, without further evidence, that it was so caused. 'There must be reasonable evidence of negligence,' it is said in *Scott* v. *London & St. K. Docks Co.* 3 Hurlst. & C. 601, 'but where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from want of care.' There is not, indeed, even in these cases any *legal presumption* of negligence, so that the legal burden of disproving it lies on the defendant. But the plaintiff, by proving the accident, has adduced reasonable evidence, on which the jurors may, if they think fit, find a verdict for him."

With this clear statement before us, it follows that the happening of an accident to a passenger in such a manner that he cannot prove how it occurred—the true cause lying solely within the knowledge of the defendant, or the accident being such a one as would not happen in the ordinary course of things under proper management—affords reasonable evidence that the accident arose from want of care. If the defendant offers no explanation of the accident, then the want of care will be presumed, and, in the absence of satisfactory explanation, recovery may be had.

Inasmuch as the instructions must have a direct relation to

the facts of the particular case, it becomes important at this point to consider certain undisputed facts in the present case. The record discloses that the plaintiff had sustained injuries many years prior to the date of the happening of the accident in question, which permanently crippled him. With this infirmity, which rendered him, to some extent at least, incapable of protecting himself in the event of an unusual motion of the cars, plaintiff, at the time of the accident, was standing on the front platform of the rear car, with his back in the direction the train was moving. He was leaning against the railing inclosing the platform, near the opening through which the conductor passes in going from one car to the other. He had taken this position in order that he might smoke; not because the car was crowded or because he could not secure a seat inside. While it was not contributory negligence *per se* for him to take that position, yet he assumed all the additional risks attendant upon the dangerous place selected. The high care which a railroad company is required to exercise for the safety of its passengers can be invoked only when the passenger exercises reasonable care in the selection of the best and safest accommodation afforded. While the railroad company is powerless to prevent a passenger from riding on the platform, and is required to exercise reasonable care for the safety of such passenger, the passenger who selects such a position, when ample accommodation is afforded inside of the car, assumes the risks attendant thereto in the customary and ordinary operation thereof. The rule as to passengers injured while riding on the platform is well expressed in *Harbison* v. *Metropolitan R. Co.* 9 App. D. C. 60, as follows: "The true rule surely must be that whilst a passenger may ride on the platform, step, or footboard of a car, with the express or implied consent of the carrier, without incurring the imputation of contributory negligence as matter of law, he thereby, however, assumes the increased risk that may result therefrom in the ordinary course of things when the car is properly driven or managed. If hurt during the period of his exposure, he must, in order to recover, show affirmatively that the accident was caused, in

whole or in part, by some negligent act of the carrier. *McAfee* v. *Huidekoper,* 9 App. D. C. 36, 34 L.R.A. 720; *Adams* v. *Washington & G. R. Co.* 9 App. D. C. 26; *Stewart* v. *Boston & P. R. Co.* 146 Mass. 605, 16 N. E. 466." It is well known that, in the ordinary and careful management of street cars, there is more or less swaying or lurching in the motion of the cars, not only at curves, but at other points on the tracks. This made the position selected by the plaintiff, especially in his crippled condition, a dangerous one. The accident, therefore, is not such as could only happen in the ordinary course of things through lack of reasonable care on the part of the defendant or its employees. Here, the causes of the accident were entirely within the knowledge of the plaintiff. He assumed, by the terms of his declaration, the responsibility of alleging and proving them. The evidence of the defendant, tending to explain and disprove the charge of negligence on its part, was received in rebuttal. The necessity for, as well as the propriety of, the application of the rule of presumptions or *res ipsa loquitur* as to the establishment of a prima facie case is absent. There was nothing left for the jury to presume. Its duty was to decide the case solely upon the evidence as adduced at the trial, with the usual burden on the plaintiff of establishing his case by the preponderance of the evidence.

If, in a case like the present, where the plaintiff has alleged facts relied upon as constituting negligence on the part of the defendant, and has affirmatively adduced proof in support thereof, and the defendant has given testimony tending to disprove such evidence, the defendant is to have imposed upon him the presumption of law that the mere happening of the accident creates an additional burden, he is met with something that is not proof or evidence of anything weighing against the testimony of competent witnesses. This presumption only arises in the absence of evidence of the circumstances out of which the negligence of defendant may be ascertained. As said by Mr. Justice Brewer in *Patton* v. *Texas & P. R. Co.* 179 U. S. 658, 45 L. ed. 361, 21 Sup. Ct. Rep. 275: "In the case of a passenger the fact of an accident carries with it a presump-

tion of negligence on the part of the carrier, a presumption which, in the absence of some explanation or proof to the contrary, is sufficient to sustain a verdict against him, for there is prima facie a breach of his contract to carry safely." It follows that, where there is some explanation to the contrary, the issue must be decided solely upon the evidence adduced. No error was committed by the court in instructing the jury that no presumption of negligence arises in this case from the happening of the accident, and that the burden of proof is upon the plaintiff to establish his case by the preponderance of the evidence.

The seventh, eighth, and ninth assignments of error may be treated together. Defendant introduced as a witness an officer of the company, who testified that the following notice was printed on the car in question at the time of the accident, "Dangerous to Ride on the Platform." The witness also testified to the particular part of the car on which the sign appeared. On cross-examination it was shown that the notice was placed there by authority of the defendant company. Counsel for plaintiff then sought to prove by way of cross-examination the attitude of the company, aside from the warning, with respect to passengers riding on the platform, and also to show whether the company had rules forbidding passengers to ride on the platforms, or had given instructions to its conductors as to the control of passengers riding thereon. We think this was not proper cross-examination. It was entirely immaterial what rules the company may have had respecting passengers riding on the platform, or what the duty of conductors may have been in relation thereto. It was not even intimated that, if such rules did exist, plaintiff had any knowledge of that fact. The mere existence or nonexistence of such rules could not affect the right of recovery by plaintiff. It was therefore immaterial whether the defendant had any rule, independent of the warning, as to passengers riding on the platform. Besides, the court instructed the jury fully as to the degree of diligence which the defendant was required to exercise toward the plaintiff. The

evidence, therefore, sought to be adduced was neither material nor proper cross-examination.

The tenth assignment of error was abandoned on the argument of the case. The eleventh assignment relates to the refusal of the court to allow counsel for plaintiff to read to the jury extracts from a published opinion of this court in another case. The duty of the jury relates solely to passing upon the evidence as adduced on the trial, under proper instructions from the court as to the law applicable thereto. It is the peculiar function of the court to administer the law, a matter with which the jury has nothing whatever to do. Hence it would have been highly improper to have permitted counsel to have read an extract of a decision of this or any other court to the jury. After a careful consideration of the record in this case and a review of the errors assigned, we fail to find any reversible error. The judgment is affirmed, with costs, and it is so ordered. *Affirmed.*