444

C. T. Rothenberg, and Joseph G. Dondero, Washington, D. C., for the plaintiff.

DeWitt Hyde, Washington, D. C., for the defendant.

YOUNGDAHL, District Judge.

Plaintiff seeks to recover from defendant certain sums claimed to be under a separation agreement.

Plaintiff and defendant were married October 29, 1921. Marital responsibility apparently did not mean much to defendant as he soon became enamored by another woman. Plaintiff and defendant then separated. While thus separated and on June 20, 1923 a separation agreement was entered into providing for the payment of $1500. per month beginning June 1, 1923 for the remainder of plaintiff's life and in addition the sum of $50,000. in ten quarterly payments. The agreement specified that under certain circumstances of reduced income said amounts should be proportionately reduced.

The contract provides that it shall be construed in accordance with the laws of the State of New York.

To avoid payment of the sums specified in the agreement defendant asserts that the agreement is void as against public policy; that laches bar recovery and that in any event defendant has not had sufficient income to justify recovery.

1. It seems clear to the court that under New York law (which admittedly is to apply in the construction of this contract) it is a valid agreement. While separation agreements have been frowned upon when made while the parties were still living together, and there was no moving cause for the separation in addition to the mere mutual volition of the parties—the courts have sustained agreements under circumstances similar to those that exist in the case at bar.

Here defendant had broken his marriage vow. to be faithful unto death; and the parties were separated when the agreement was executed. Under such circumstances the agreement is not against public policy. Butler v. Marcus, 1934, 264 N.Y. 519, 191 N.E. 544; Rosenbloom v. Rudd, Mun.Ct.1941, 31 N.Y.S.2d 821; 17 Am. Jur. Section 725.

2. The evidence does not sustain the charge of laches. The record clearly shows that defendant resided in divers places around the country. Plaintiff relied upon her attorney to take the appropriate steps when action was deemed advisable. Several attempts were apparently made. to get service upon defendant without avail. There was never at any time any indication of a desire or purpose to waive or relinquish the claim. True, a long time elapsed before suit was commenced but mere lapse of time is insufficient to establish laches. Sis v. Boarman, 1897, 11 App.D.C. 116; Matarrese v. Matarrese, 140 N.J.Eq. 381, 54 A.2d 771.

3. The amount of defendant's income was peculiarly within his own knowledge and he was required to come forward with the proof to establish the lack of it. Sullivan v. Capital Traction Co., 1910, 34 App.D.C. 358; La Guerra v. Brasileiro, 2 Cir., 1942, 124 F.2d 553.

This he has failed to do. To the contrary he has evaded .service of process; he has been found in contempt though the order of the District Court holding him in contempt was reversed on other grounds.

446

See Duell v. Duell, 85 U.S.App.D.C. 78, 178 F.2d 683, 14 A.L.R.2d 560. He was uncooperative in the proceeding before the auditor. In fact those proceedings are still incompleted due to defendant's failure to appear with certain information. His answers to many questions propounded when his deposition was taken were evasive and not worthy of belief. His entire attitude in this case has been one to indicate that he was endeavoring to prevent the court from getting a true picture of the facts. And yet despite defendant's lack of frankness, the court is not convinced from the record that his income is sufficient to justify the recovery of the amounts specified in the contract.

It is difficult for the court without the presence of defendant in court at the time of the trial, to arrive at a figure which will be just and proper. However, I feel the record justifies judgment for plaintiff in the sum of $100,000.

Findings of Fact and Conclusions of Law may be drawn consistent herewith.