# RICHMOND AND DANVILLE RAILROAD COMPANY *v.* POWERS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF GEORGIA.

No. 200. Argued April 6, 1893. — Decided April 17, 1893.

Where, in an action against a common carrier to recover damages for injuries to a passenger, there is uncertainty as to the existence of either negligence or contributory negligence, the question is not one of law, but of fact, and to be settled by a jury; and this, whether the uncertainty arises from a conflict in the testimony, or because the facts being undisputed, fair-minded men will honestly draw different conclusions from them.

On April 11, 1886, W. D. Powers was run over by a train belonging to the Richmond and Danville Railroad Company, at a station known as "Lula," and so injured that he died in a few hours. This action was brought to recover damages therefor. The plaintiffs are his children, and the proper parties under the Georgia statutes to maintain the action. It was commenced in the city court of Atlanta, Georgia, and thence removed by the defendant to the Circuit Court of the United States for the Northern District of Georgia. A trial was had in November, 1888, which resulted in a verdict and judgment in favor of the plaintiffs for $9800. On the trial the defendant asked the following instruction:

"The undisputed fact exists in this case that the deceased man, Powers, being at the time about forty-five years of age, and, so far as the evidence discloses, in full possession of all his faculties, deliberately stepped upon the railroad track immediately in front of an engine which was running towards him at the rate of five or six miles an hour, and not more than ten feet off, and was almost instantly run over and killed.

"To say that this was an ordinarily careful act or that this conduct was not negligence on his part would do violence to a plain and well-settled principle of law. Admitting that he

was a passenger, and, therefore, not bound, as a traveller on the highway approaching a crossing would be bound, to listen and to look both ways before attempting to cross the track, still the immediate presence, within a few feet, of a moving locomotive would, it seems to me, have awakened all the senses of an ordinarily careful man, and would have warned him in more ways than one that he ought not to put himself on the track right in front of it.

"It cannot be doubted that this was a careless and dangerous step. If he had been ordinarily careful he would not have been killed or injured, even if the defendant was negligent. There is nothing in the other testimony in the case which relieves him from the consequences of this act of negligence. If he had not died and had brought suit he could not have recovered, nor can these plaintiffs recover under these facts, and it is, therefore, your duty under the law to find a verdict for the defendant."

This instruction was refused, and exception duly taken.

*Mr. Pope Barrow* for plaintiff in error.

I respectfully submit that the unfortunate man was not ordinarily careful and there was nothing in the case for a jury. *Bancroft* v. *Boston & Worcester Railroad,* 97 Mass. 275; *Schofield* v. *Chicago, Milwaukee & St. Paul Railway,* 114 U. S. 615; *Central Railroad* v. *Harris,* 76 Georgia, 501; *Atlanta Railroad* v. *Loftin,* 86 Georgia, 43; *Americus, Preston &c. Railroad* v. *Luckie,* 87 Georgia, 6.

*Mr. Henry Jackson* and *Mr. T. J. Leftwich* filed a brief for plaintiff in error.

*Mr. Hoke Smith* for defendant in error.

MR. JUSTICE BREWER, after stating the case, delivered the opinion of the court.

The only error assigned is in the refusal of the court to instruct the jury as requested, substantially that the deceased

was guilty of such contributory negligence as to prevent a recovery. It is well settled that where there is uncertainty as to the existence of either negligence or contributory negligence, the question is not one of law, but of fact, and to be settled by a jury ; and this, whether the uncertainty arises from a conflict in the testimony, or because the facts being undisputed, fairminded men will honestly draw different conclusions from them. *Railroad Co.* v. *Stout*, 17 Wall. 657 ; *Washington & Georgetown Railroad* v. *McDade*, 135 U. S. 554; *Delaware & Lackawanna Railroad* v. *Converse*, 139 U. S. 469.

No objection is made to the instructions which were given, no suggestion that the law as to negligence and contributory negligence was not properly stated to the jury ; so we have the question whether the facts as developed by the testimony were such as to compel a declaration, as a matter of law, by the court that there was contributory negligence on the part of the deceased, such as to prevent a recovery. What are the facts as disclosed by the testimony ? Lula is a station in Hall County, Georgia, at which at that time both the north and southbound trains of the defendant's road stopped for supper. Deceased was a passenger on the northbound train. There were two tracks in front of the station and eating-house. The southbound train arrived first and ran along the inner track, the one nearest to the station. After its passengers had all gone in to supper, it moved back towards the north, and left the space in front of the station and eating-house open. Soon afterwards the northbound train came in and passed up on the outer track. This was about eight o'clock in the evening. The deceased did not intend to go any further than Lula, and expected to spend the night there. The two tracks were from eight to ten feet apart ; the earth between the rails on the inner track had been levelled up, covering the ties, so as to make a smooth place for walking upon. There was no light other than the head-lights of the locomotives, and from a bonfire of pine knots near the eating-house. After the northbound train had stopped and other passengers had left the train for the purpose of going in to supper, deceased started

with two satchels, one in each hand, across the track to go to the eating-house or hotel, and just at that time the southbound train moved up, and ran upon and injured him. In reference to the foregoing facts there was no dispute.

Further than that, there was testimony tending to show that, as deceased was leaving the train, a man with his wife and two children, five and seven years of age, started to get off the car; that deceased, putting down his satchels, stopped to help them off; that there was no conductor, brakeman or other officer of the company present to render any assistance; that, after they were safely off the car, deceased took up his satchels, and they all started nearly together in the direction of the eating-house, at an angle across the inner track; that while thus walking the southbound train came along, without ringing a bell, at a rapid speed; that the engineer, being on the right hand of the engine, could not see any one on the left side of the track for quite a distance in front of the engine, and the fireman was so occupied that he could not see the track at all; that, just as the engine neared the party, somebody called out, and the man who had been helped off the train by the deceased jumped, with his wife, pushing the children over, and barely landing on the platform as the engine passed by, while deceased, who was at the side but a trifle in the rear of the others, was caught by it and run over. It did not appear that any of the party had ever been at Lula before, or knew of the existence of an inner track or the situation or surroundings, although, it did appear that the deceased had been travelling on the railroad. The man and his wife who thus narrowly escaped testified that they did not know there was a track upon which they were walking; that no bell was rung; and that they had no thought of an approaching train until the outcry, upon which they jumped and barely saved themselves. What the deceased heard and saw and knew is not affirmatively shown, but the entire circumstances of the injury tend to show that he was as ignorant as they in respect to these matters. They had moved but a few steps from the car towards the eating-house before the deceased was struck. Upon such facts as these, is it not a question, upon which minds might differ,

as to whether the deceased was guilty of contributory negligence? Do not these facts tend, at least, to show that he was exercising due care? His tarrying behind the other passengers was owing simply to his effort to help those who needed help, and in discharging a duty resting upon the officers of the company, and neglected by them. After they had all alighted from the car, they started together in the direction of the eating-house, as disclosed by the bonfire, without knowledge of an intervening track, or without thought of an approaching train. No bell was rung, no warning given until the moment of the accident, and then too late for all of the party to save themselves.

It seems as though there could be but one answer to these questions. If these facts do not establish due care on his part, they at least tend very strongly to prove it. It is true that there was testimony tending to show a different state of facts; that the bell of the engine was rung as it moved down the track in front of the station-house; that it was moving at a very slow rate of speed — not faster than a man would walk; that the deceased on alighting put down his satchels, waiting for some one from the hotel to come and help him carry them; and that he was there some minutes before he started for the hotel. And, indeed, there was some testimony tending to show that there were no such persons present as the family who claimed that they were helped off the train by deceased. But, of course, all conflict in the testimony was settled by the jury, and could not be determined by the court, and unless it were affirmatively shown that the deceased when he left the car and started towards the eating-house knew that he was walking along a track, and that there was danger from another train, and with such knowledge neither looked nor took precautions to satisfy himself whether there was present danger therefrom, it surely cannot be held that there was, as a matter of law, contributory negligence on his part.

There was no error in refusing the instruction, and the judgment is

*Affirmed.*