## THE WASHINGTON AND GEORGETOWN RAILROAD COMPANY.

### *v.*

### ADAMS.

PLEADING AND PRACTICE; PREPONDERANCE OF TESTIMONY.

1. Where after an appeal in a personal injury case from a judgment for the defendant on a verdict directed by the court at the close of the plaintiff's testimony, on which appeal the judgment is reversed on the ground that a *prima facie* case of negligence on the part of the defendant had been made out, a second trial is had upon the same evidence for the plaintiff and evidence adduced by the defendant of a contradictory character, and also alleged to show contributory negligence, a judgment on a verdict for the plaintiff will not be disturbed on an appeal by the defendant.

2. The question of the preponderance of the testimony is always one for the jury, subject to the wise discretion of the trial court to set aside its verdict, not reviewable on appeal.

No. 715. Submitted October 21, 1897. Decided November 1, 1897.

HEARING on an appeal by the defendant from a judgment on verdict in an action to recover damages for personal injuries. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Enoch Totten, Mr. J. S. Flannery* and *Mr. W. D. Davidge* for the appellant.

*Mr. C. Maurice Smith* and *Mr. Edwin Forrest* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is a suit for damages for personal injuries alleged to have been sustained by the appellee, Frank C. Adams, by being thrown from a car of the appellant, The Washington

and Georgetown Railroad Company, in consequence, as it is claimed, of the negligence of the agents or employees of the company; and this is the second appeal in the case. On the former appeal (9 App. D. C. 26) we held that it was error to direct a verdict for the defendant upon the plaintiff's own testimony as then adduced, which was the ruling of the trial court made upon defendant's motion at the conclusion of the plaintiff's testimony; and we accordingly reversed the judgment, and remanded the cause for a new trial. That new trial has now been had, and has resulted in a verdict and judgment for the plaintiff for $3,500; and from this judgment the defendant has appealed.

It appears from the record, and it seems to be conceded, that the testimony adduced on behalf of the plaintiff at this second trial was substantially the same as at the first trial, upon which we held that he was entitled to go to the jury. The defendant on its part adduced testimony deemed by it to be sufficient to overcome the plaintiff's testimony, and vastly to preponderate over it. And accordingly, at the conclusion of the whole testimony, the same request was made as on the former trial for an instruction to the jury to render a verdict for the defendant. The request was denied; and the defendant excepted; and upon that exception the present appeal is based. There were other rulings of the trial court, and other exceptions thereto, but they are not assigned here as error, and are not therefore to be here considered.

It is quite clear that this appeal can not be sustained. If, as we have held, the plaintiff in and by his testimony made a *prima facie* case upon which he was entitled to go to the jury, no assumed preponderance of testimony could deprive him of that right. The question of preponderance of testimony is always one for the jury, subject to the wise discretion of the trial court to set aside its verdict not reviewable on appeal. It was upon the assumption of the preponderance of evidence in favor of the defendant, and also upon

. the alleged contributory negligence of the plaintiff claimed to have been shown by that evidence, that the instruction requested was based. But the sufficiency in law of the plaintiff's testimony we have already determined; and the facts claimed to constitute contributory negligence are controverted. Under our ruling on the former appeal the case was clearly one for the jury, and there was no error in submitting it to them. *Phœnix Ins. Co.* v. *Doster,* 106 U. S. 30; *Railroad Co.* v. *Powers,* 149 U. S. 43; *Warthen* v. *Hammond,* 5 App. D. C. 167; *District of Columbia* v. *Gray,* 6 App. D. C. 314; *Warner* v. *Railroad Co.,* 7 App. D. C. 79.

It follows, therefore, that the judgment of the court below should be *affirmed, with costs. And it is so ordered.*