## LOUISVILLE & N. R. CO. v. ROBERTS.

(Circuit Court of Appeals, Fourth Circuit. February 26, 1910.)

No. 936.

1. TRIAL (§ 352*)—DIRECTION OF VERDICT—GROUNDS.

Under the federal practice, it is the duty of the trial court to direct a verdict when the evidence is undisputed, or is of such a conclusive character that the court would, in the exercise of a sound judicial discretion, be compelled to set aside a verdict rendered in opposition to it.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 352.*]

2. MASTER AND SERVANT (§ 286*)—ACTION FOR INJURY TO SERVANT—SUFFICIENCY OF EVIDENCE.

Where the only issue in an action against a railroad company to recover for the death of an employé who was killed by the caving in of a trench being dug under a fill along which both the railroad track and a highway were constructed was on an allegation of the complaint that defendant negligently caused a train to be run over the track without giving warning thereof, and causing the fill to cave in on the decedent, and the undisputed evidence showed that no train had passed for some time before the cave-in, and that the same was under the highway at some distance from the railroad track, defendant was entitled to a directed verdict on the ground of the insufficiency of the evidence to sustain a verdict for plaintiff.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1010–1050; Dec. Dig. § 286.*]

In Error to the Circuit Court of the United States for the Western District of North Carolina, at Asheville.

Action by B. F. Roberts, administrator of the estate of John Wesley Roberts, deceased, against the Louisville & Nashville Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed.

At or near McKays Station, in Tennessee, on May 1, 1906, decedent, Roberts, 18 years of age, and in the employ of the railroad company for some 3 months prior, was engaged with others under Lindsay, a section extra gang foreman, in constructing a second or additional viaduct under a certain fill or embankment, over which the track of the railroad and a public road ran side by side. To do this work required the digging of a trench across the fill something like 50 feet in length, 4 to 5 feet in width, and 8 to 12 feet deep. When this trench had been dug some 6 to 8 feet deep, one of its sides caved in upon the deceased, injuring him to such extent that he died on the following day. At the November term, 1906, in the superior court of Cherokee county, N. C., the plaintiff below, as administrator of the deceased, filed against the company his complaint, alleging substantially, such death to have been the result of its negligence in two particulars: First, because Lindsay, charged to be its vice principal, directed this trench to be dug with its sides perpendicular instead of sloping, and without supporting the same in any proper way necessary to render them safe; second, because the company caused its trains to run along its track above the excavation, without giving warning and without properly supporting the sides of the fill. The cause by proper proceedings,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was removed to the Circuit Court of the United States for the Western District of North Carolina, wherein, on August 29, 1907, an answer was filed to the complaint by the company, in which all negligence is denied generally, and it is charged that, (a) if negligence was the cause of the injury and death, it was that of decedent's fellow servant: (b) that decedent assumed the risk of this employment; (c) negligently contributed to his injury and death: (d) was killed by accident which could not have been reasonably foreseen; and (e) that the injury and death occurred in Tennessee, and the right of recovery must be governed by the laws of that state. When the case was called for trial and before the jury was impaneled, the defendant moved the court to dismiss it, because, first, the complaint on its face showed that the deceased was killed in Tennessee where the alleged negligence occurred, but did not show or allege any statute of Tennessee authorizing any cause of action to recover therefor; and, second, because the facts set forth in the complaint did not constitute a cause of action. This motion was overruled and exception taken. Upon trial, before the plaintiff closed his evidence, the court permitted him to file an amendment to the fifth paragraph of his complaint involving slight verbal changes, and inserting the words "intestate" and "when it was negligent and unsafe so to do" and "and causing same to cave in on" so that the complaint as amended would charge (amendments in italics) "That while plaintiff's *intestate* was so at work, as aforesaid, and unsuspicious of danger, the defendant company negligently caused its train to run along its track above the excavation where said work was going on *when it was negligent and unsafe so to do*, thereby enhancing the danger of causing a cave-in, *and causing same to cave in on* (of) said fill without giving warning thereof," etc. To this amendment the defendant objected, insisting that it presented a new and distinct cause of action, barred by the statute of limitation, which objection was overruled and exception taken. Thereupon, by leave of the court, the defendant filed an amendment to its answer, pleading thereby the statute of limitation. When the plaintiff had introduced his evidence and rested his case, the defendant moved the court to instruct the jury to return a verdict in its favor, for that no negligence on its part had been shown by the evidence, as charged by the complaint. This motion was overruled and exception taken. In the course of the trial, when counsel for defendant was making the concluding argument therein, the court permitted plaintiff to file a second amendment to his complaint setting forth in exact words sections 3130, 3131, 3132, and 3134 of the statutes of Tennessee (Milliken & V. Code), relating to death by negligence and wrongful act. Exception was taken to this action of the court. The trial resulted in a verdict and judgment for $2,000 in favor of the plaintiff, to the rendering of which judgment defendant excepted and sued out this writ of error, assigning 22 grounds therefor.

James H. Merrimon and D. H. Blair, for plaintiff in error.
Locke Craig and Dillard & Bell, for defendant in error.

Before GOFF, Circuit Judge, and BOYD and DAYTON, District Judges.

DAYTON, District Judge (after stating the facts as above). In the view which we take of this case it becomes wholly unnecessary for us to consider in detail the numerous assignments of error. It is sufficient for us to say that, in the federal practice, it is well settled that it is the duty of the trial court to direct a verdict when the evidence is undisputed, or is of such a conclusive character that the court would, in the exercise of a sound judicial discretion, be compelled to set aside a verdict rendered in opposition to it. Travelers' Ins. Co. v. Selden, 24 C. C. A. (Fourth Circuit) 92, 78 Fed. 285; Washington Mills v. Cox, 85 C. C. A. (Fourth Circuit) 154, 157 Fed. 634. Or, as differently expressed, but to the same purpose, where the facts are such that

all reasonable men must draw the same conclusion from them, the question of negligence is one of law—for the court. Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485; Richmond & Danville R. R. Co. v. Powers, 149 U. S. 43, 13 Sup. Ct. 748, 37 L. Ed. 642; Southern Ry. Co. v. Carroll, 71 C. C. A. (Fourth Circuit) 88, 138 Fed. 638; Sealey v. Southern Ry. Co., 81 C. C. A. (Fourth Circuit) 282, 151 Fed. 736.

The learned judge presiding at the trial charged the jury that Lindsay was a fellow servant of deceased, that the company was not liable for the negligence involved in the manner in which he directed said trench to be dug, and he confined the issue solely to paragraph 5 of the complaint, as amended, charging the negligent running of trains over the fill as the direct and proximate cause of the injury and death. To this ruling and charge, no exception was taken, and no cross-error is assigned by plaintiff.

The defendant introduced no testimony, and it is undisputed that deceased, with others, was engaged in digging this trench, at the time of the cave-in, on the side of the fill along which the county road ran, and he was in the trench at a point near where the center of the road was, when the earth from the top, on one side, caved in from this road and injured him. It is also undisputed that the company had run an engine several times and one freight train over its track on this fill in the forenoon; that the men at work including deceased had been warned of such passages of the engine and train, and each time had gotten out of the trench; that at about 11:30 a. m. they knocked off for dinner, returning to work about 12:30 p. m. when deceased entered the trench and in a few minutes after the cave-in occurred; that the earth did not cave in from under the railroad track, but from the side of the trench out of the county road; that a small crack in the earth at this point had been noticed and called to the attention of Lindsay and others by one of the men immediately after the return from dinner; that no train or engine was crossing the fill, or had crossed for some time before the cave-in.

It will be perceived that there is absolutely no direct evidence that the running of the engine and train over this fill caused this cave-in from the county road, but that, to sustain this judgment, we must hold it to be a case of res ipsa loquitur, of the act itself necessarily being negligent, and the direct and proximate cause of the decedent's injury, instead of other causes reasonably accounting therefor, such as his own act of digging in the trench under the direction of his fellow servant, which we think from the evidence was the fact. The motion to direct a verdict for defendant should have been sustained. The judgment will therefore be reversed and the case remanded.

Reversed.