## NORTH RIVER INS. CO. v. BECNEL et al.*

Circuit Court of Appeals, Fifth Circuit.
June 22, 1929.

No. 5481.

*Rehearing denied August 19, 1929.

Philip S. Gidiere, of New Orleans, La. (Spencer, Gidiere, Phelps & Dunbar, of New Orleans, La., on the brief), for appellant.

Hermann Moyse, of Baton Rouge, La., and Arthur A. Moreno, of New Orleans, La. (Cross & Moyse, of Baton Rouge, La., and Lemle, Moreno & Lemle, of New Orleans, La., on the brief), for appellees.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

FOSTER, Circuit Judge. Appellees, plaintiffs below, brought suit to recover on a policy of fire insurance, issued by appellant, covering a sugar mill on Granada plantation, and received a verdict on which judgment was entered in the amount of $5,000, the face of the policy. Errors are assigned to the refusal to direct a verdict for defendant at the close of the case and to a certain portion of the charge. These may be considered together. No other errors are assigned.

The policy contained the following clauses that are material. The last-quoted clause is in conformity to the Louisiana law, Act 255 of 1914.

*"Warranty to Operate During Grinding Season.* It is expressly agreed and understood between the assured under this policy and this company, that the sugar house herein described shall be operated throughout the grinding season within the life of this policy, otherwise this policy shall be null and void, unless notice is given and consent of the company in writing is endorsed hereon.

*"Breach of Warranty Clause.* Provided, where it is stipulated in this policy, that, without the consent of the insurer endorsed hereon or added hereto, the breach of a condition shall avoid the policy, it shall be held such breach does not in fact avoid the policy, but only suspends the operation of the policy during the time the breach continues."

There was undisputed evidence tending to show the following state of facts. All the cane ground on Granada was sold in the field to Belle Helene plantation and as cut

was delivered at Manchac Switch, after which appellees had no further interest in it, and the cane was ground and manufactured into sugar in the sugar house at Belle Helene. The sugar house on Granada was not operated at all. The crop at Granada was short, only 2,077 tons. The cutting of cane started on November 1st and the Granada sugar house can grind 500 tons daily so that, had it operated, the grinding could have been finished within two weeks—say before November 15th. The fire occurred on December 6, 1926, at which time there was still some cane standing in the field at Granada. The grinding season varies on each plantation in Louisiana.

On these facts the district court in apt language, with fairness to both parties, left it to the jury to say whether the fire occurred during the grinding season.

Of course, the interpretation of a written contract is primarily for the court, but, where its terms are indefinite or ambiguous, extrinsic evidence is admissible to explain them. When such evidence is admitted, it is usually the province of the jury to find the facts. Certainly the clauses above quoted are indefinite. The District Court could not take notice as to when the grinding season should begin or end, nor could he decide those facts from the policy.

The rule is well settled that, even when the facts are undisputed, if reasonable men may draw different conclusions from them, the case should be left to the jury. Richmond & Danville R. R. Co. v. Powers, 149 U. S. 43, 13 S. Ct. 748, 37 L. Ed. 642.

It is elementary that insurance policies are to be construed most strongly against the insurer. From the facts above stated the jury might reasonably have inferred that, as no cane was in fact ground in the Granada mill, and there was never any intention to do so, there was no grinding season at all on that plantation, and the warranty clause in the policy was without effect. The jury might have concluded also that the grinding season contemplated by the parties was the time reasonably necessary to grind the crop actually grown. On either theory, as the policy was merely suspended and not void, if the sugar house was not operated during the grinding season, the case was with the plaintiff. It would be going very far indeed to say that as a matter of law the court was bound to hold that the grinding season had not ended before the fire simply because a small amount of cane was at that time standing in the field. The material fact to be found was the meaning of the term "grinding season" within the contemplation of the parties. This was properly left to the jury in the circumstances of the case.

The record presents no reversible error. Affirmed.

BRYAN, Circuit Judge, dissents.