## HIGASHI et al. v. SHIFFLETT.

### No. 10621.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 27, 1952.

Decided March 20, 1952.

Mr. Dorsey K. Offutt, Washington, D. C., for appellants. Miss Charlotte Maskey, Washington, D. C., also entered an appearance for appellants.

Mr. Robert E. Anderson, Washington, D. C., with whom Mr. Charles C. Collins, Washington, D. C., was on the brief, for appellee.

Before BAZELON, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

The question for decision is whether, in an action for injury to a boy riding a bicycle, caused by his collision with an automobile driven by defendant, appellee, the trial court erred in directing a verdict in favor of the defendant on the ground that there was not sufficient evidence to go to the jury on the issue whether his negligence was a proximate cause of the accident.[1]

It is well settled, and is not controverted by defendant, that in such a situation the evidence must be viewed in the light most favorable to the plaintiff, appellant. Shewmaker v. Capital Transit Co., 1944, 79 U.S.App.D.C. 102, 143 F.2d 142; Baltimore & O. R. Co. v. Postom, 1949, 85 U.S.App.D.C. 207, 177 F.2d 53. In this view of the evidence the jury could have found that the boy, who was 10 years of age, was riding slowly out of an alley into a street. A truck, coming from his left, partially turned to enter the alley and stopped, the body of the truck extending at an angle into the street. The man in the truck motioned the boy on the bicycle to proceed out of the alley. He did so, riding out into the street with the truck to his left, preparatory to turning left after passing it. Defendant drove a car around the corner of an intersecting street onto the same side of the street on which were the truck and boy. The car was then going "pretty fast." Its tires squealed in making the turn. It came along toward the truck and turned out to the left to pass it, so that some part of the car was over on the wrong side of the street. As the car reached a point shortly beyond the truck and about opposite the alley, the collision occurred. The impact of the bicycle was against the right front fender of the car. There was evidence that the car did not stop until it had gone three or four lengths beyond the collision, and that the impact was near

1. A separate action had been brought against the company which operated the truck hereinafter referred to in this opinion. The final disposition of that action was favorable to the truck company. But even had the operator of the truck been negligent, concurrent negligence of appellee, if a proximate cause of the accident, would be actionable. Miller v. Union Pacific Railroad Co., 1933, 290 U.S. 227, 54 S.Ct. 172, 78 L.Ed. 285; see, also, Danzansky v. Zimbolist, 1939, 70 App.D. C. 234, 105 F.2d 457.

the center of the street or, according to some evidence, a little towards the far side. There was testimony giving the footage of a portion of the distance between the alley and the corner where the car turned into the street, and there were pictures from which the jury could approximate the total distance. Offered in evidence also was Section 23(a) of the Traffic and Motor Vehicle Regulations for the District of Columbia, which was read to the court as follows: "Vehicles shall be driven upon the right half of the highway and a driver shall drive as closely as practicable to the right hand edge or curb of the highway."

It was error for the court to rule as matter of law that the jury could not honestly conclude from this evidence that the defendant was negligent and that his negligence was a proximate cause of the injuries of which complaint is made. The factual issues of negligence and proximate cause were for the jury. Barstow v. Capital Traction Co., 1907, 29 App.D.C. 362, 371–372; Baltimore & O. R. Co. v. Postom, supra, 85 U.S.App.D.C. at page 208, 177 F.2d 53. It cannot be said no reasonable man would hold in favor of plaintiff. Shewmaker v. Capital Transit Co., supra.

We do not consider whether or not the boy, as matter of law, was guilty of contributory negligence which would bar recovery even were defendant found negligent. This was not the basis for the judgment. We accordingly hesitate in the first instance to rule definitively on this factual issue, especially in view of the principles applicable where the alleged contributory negligence is that of a person of tender age. The age was 9 in Barstow v. Capital Traction Co., supra, where the court, 29 App.D.C. at pages 372–373, states: " 'It is well settled that, where there is uncertainty as to the existence of either negligence or contributory negligence, the question is not one of law, but of fact, and to be settled by a jury; and this, whether the uncertainty arises from a conflict in the testimony, or because, the facts being undisputed, fairminded men will honestly draw different conclusions from them.' Richmond & D. R. Co. v. Powers, supra [149 U. S. 43, 13 S.Ct. 748, 37 L.Ed. 642]. This is the rule

as to adults, and it applies with greater force to children. Indeed, we had supposed it settled doctrine in this jurisdiction that the question whether a child of tender years has exercised such care as would reasonably be expected from a person of his age and capacity is a question for the jury, and to be determined by the circumstances of the particular case. * * *"

Reversed.