## SACHS v. BOSE et al.
### No. 11316.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 19, 1952.

Decided Dec. 31, 1952.

Herbert S. Marks, Washington, D. C., with whom Sidney S. Sachs and Dexter M. Kohn, Washington, D. C., were on the brief, for appellant.

Frederick Schwertner, Washington, D. C., for appellee Bose.

Before WILBUR K. MILLER, BAZELON and WASHINGTON, Circuit Judges.

PER CURIAM.

■ In this litigation, a mother sued her son to set aside a transfer she had made to him of a check and promissory note, alleging that he was entrusted with them solely to collect the proceeds for her benefit. The son alleged that the transfer was absolute. The mother died during the pendency of the suit, which was continued by the collector of her estate. The District Court, trying the cause without a jury, dismissed at the close of the plaintiff-appellant's case, on the ground that the evidence offered was insufficient. After reviewing the record, we are constrained to conclude that the court was in error. The evidence must be considered, on motion to dismiss, in the light most favorable to the plaintiff. Higashi v. Shifflett, 1952, 90 U.S.App.D.C. 302, 195 F.2d 784. The evidence here was such that findings could reasonably have been made that there had been a confidential relationship of long standing, in which the son acted as his mother's business agent; that the mother was aged, infirm, and convalescing from serious illness; that the form of the transfer was ambiguous and equivocal, in that the only writing on the part of the mother consisted of her endorsing her signature on the back of each instrument; that the property transferred was the proceeds of the sale of a piece of real estate, representing nearly everything she possessed; that she had counted on the income from the sale for her future support, and that in fact the sale had been partly motivated by her desire to obtain the higher income which would result from installment purchase payments as compared with rent; that at the time of the sale the son had unsuccessfully tried to have the note made out so as to name him as payee; and that the son's actions after the transfer but prior to the time his mother brought suit were inconsistent with his later claim that the transfer was absolute. A prima facie case was amply made out. Cf. Harrington v. Emmerman, 1950, 88 U.S.App.D.C. 23, 186 F.2d 757; Casey v. Topliffe, 1935, 65 App.D.C. 100, 80 F.2d 543. The judgment must therefore be reversed, and the cause remanded. Under the circumstances, we deem it unnecessary to review the other contentions of the parties.

So ordered.