ATLANTIC & PACIFIC STORES, IN-CORPORATED, designated in the answer as The Great Atlantic & Pacific Tea Company, Inc., Appellant,

v.

Mrs. Marian PITTS, Appellee.

No. 8130.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 4, 1960.

Decided Nov. 8, 1960.

John S. Wilson, Sumter, S. C. (Shepard K. Nash, Sumter, S. C., on brief), for appellant.

Robert J. Thomas, Columbia, S. C. (Weinberg & Weinberg, Sumter, S. C., and Thomas Kemmerlin, Jr., Columbia, S. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, BOREMAN, Circuit Judge, and LEWIS, District Judge.

LEWIS, District Judge.

This is an appeal from the ruling of the district judge denying defendant's motion for judgment in its favor notwithstanding the verdict, or, in the alternative, for a new trial.

The case was properly submitted to the jury, and a verdict in the sum of $2,000 was awarded the plaintiff.

The sole question on the appeal is: Was there proof of negligence on the part of the defendant which proximately caused plaintiff's injury?

In her complaint the plaintiff alleges that the defendant was negligent, reckless and willful in that:

"(a) It invited the public to trade in its place of business and failed to provide a safe place for the public to trade after accepting its said invitation;

"(b) It failed to warn the plaintiff of the dangerous condition that it maintained at said exit even though the manager of said store had actual knowledge of the potentially dangerous character of the area surrounding this particular door;

"(d) It failed to take the necessary precautions to protect its customers generally and the plaintiff in particular from this inherently dangerous condition at said door even though it had actual notice of said condition."

In support of the allegations of negligence the record discloses that there was evidence showing that the plaintiff was a customer in defendant's store on the occasion in question and that she was leaving the store after making purchases through and over the exit provided therefor by the defendant and that she fell while so doing. There was testimony showing that the surface of the ramp was tiled; that it was surfaced with small pieces of tile laid in a pattern that was joined together with masonry; that the tile was hard, glazed and slippery; that 50% of it was non-skid and the remainder ceramic tile and that it was so mixed as a matter of economy. There was also testimony that the ramp was sloped; that it was 49½ inches wide and that as it moved over the exit from the store building proper to the sidewalk it dropped 2⅞ inches. There was further testimony to the effect that the slant of the ramp was only 2½ inches in 51 inches. A building code was offered in evidence which, among other things, stated "that the slope of a ramp shall not exceed 1 inch in 10 inches and that the surface of the ramp shall be of non-skid material". There was testimony that the cost of placing a rubber non-skid mat over the exit area would have been small.

Among other things the plaintiff testified as follows: "I stepped on something. I didn't have the groceries; one of the boys was taking the groceries. I stepped on something. I don't know just what it was; some little small object. My foot slipped. But, with the next step my other foot was the one that went on to slip from under me on some slippery part and that caused me to fall".

The shoes that the plaintiff was wearing when she fell were exhibited to the jury and the jury was taken to the scene of the accident for a view of it.

As is usual in such cases, there were conflicts in the testimony and in the inferences to be drawn from it. Under the testimony the jury could have concluded that the slope of the ramp was too great in view of the type of the tile with which it was covered. The defendant was conscious of the danger attending a sloping ramp over which people were expected to walk since it covered 50% of the ramp in question with non-skid tile although the other 50% was covered with slick tile upon which one might be expected to slip.

In a Federal Court it is for the jury, not the Judge, to say what evidence it will believe and what inferences or conclusions it will draw therefrom even though it is susceptible to conflicting inferences. Tennant v. Peoria and P. U. Rwy. Co., 321 U.S. 29, 35, 64 S.Ct. 409, 88 L.Ed. 520; Pierce v. Ford Motor Co., 4 Cir., 190 F.2d 910. See also Doggett v. Atlantic Holding Corp., 4 Cir., 1956, 239 F.2d 156; Grooms v. Minute-Maid, 4 Cir., 1959, 267 F.2d 541.

The judge may, however, set aside a verdict supported by substantial evidence where in his opinion it is contrary to the clear weight of the evidence, or is based on evidence which is false; for, even though the evidence be sufficient to preclude the direction of a verdict, it is still his duty to exercise his power over the proceedings before him to prevent a miscarriage of justice. See McCracken v. Richmond, F. & P. R. Co., 4 Cir., 1957, 240 F.2d 484.

The learned District Judge saw and heard the witnesses in this case; he

carefully reviewed the evidence and was of the opinion the verdict of the jury should not be disturbed. His decision was plainly right and the judgment is

Affirmed.