**ARKWRIGHT MUTUAL INSURANCE CO., Appellant,**

v.

**PHILADELPHIA ELECTRIC COMPANY.**

**SUD AMERICA TERRESTRE Y MARITIMA, Appellant,**

v.

**PHILADELPHIA ELECTRIC COMPANY.**

**WILBUR ROGERS, INC., Appellant,**

v.

**PHILADELPHIA ELECTRIC COMPANY**

v.

**ARKWRIGHT MUTUAL INSURANCE COMPANY (Third-Party Defendant).**

Nos. 17875–17877.

United States Court of Appeals, Third Circuit.

Argued April 21, 1970.

Decided July 1, 1970.

Rehearing Denied July 27, 1970.

gently caused the fire.[1] Specifically, it was averred that the utility company had negligently located its equipment in dangerous proximity to a flammable heating duct, or alternatively, had negligently prevented the fire from being rapidly brought under control by failing to shut off the gas promptly after the fire had started.

The actions were consolidated for trial on motion of appellant Wilbur Rogers, and after a three-week trial on the issue of liability, during which the defense presented no evidence, the jury returned a verdict for the defendant. When the district court denied appellants' motions for judgment notwithstanding the verdict or a new trial, this appeal ensued.

The district court refused to consider appellants' motion for judgment n. o. v. "since the plaintiff has never filed any reasons in support of his motion." Rule 50(a), Fed.R.Civ.Pro. provides that "[a] motion for directed verdict shall state the specific grounds therefor." This requirement also applies to a motion for judgment n. o. v. since it is but a renewal of the motion for a directed verdict. In this case, appellants' motion consisted of nothing more than the following:

The above entitled cases having been consolidated for trial, and a trial having been had thereon resulting in a verdict for the defendant and against the plaintiffs, now comes Arkwright Mutual Insurance Company, Sud America Terrestre Y Maritima and Wilbur Rogers, Inc., plaintiffs in the above entitled cases, and moves the Court to set aside the verdict of the jury returned on February 24, 1966 and the judgment entered thereon on February 24, 1966, and to grant a verdict and judgment in favor of plaintiffs and against the defendant notwithstanding the verdict.

Such a motion is palpably insufficient to conform to the requirements of Rule

George E. Beechwood, Beechwood & Levitt, Chester Springs, Pa., for Arkwright Mut. Ins. Co.

Bernard J. McLafferty, Norristown, Pa., for Sud America Terrestre Y Maritima.

Bancroft D. Haviland, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for Wilbur Rogers, Inc.

John R. McConnell, Morgan, Lewis, & Bockius, Philadelphia, Pa. (Raymond T. Cullen, Jr., Philadelphia, Pa., on the brief), for appellee.

Before KALODNER and ALDISERT, Circuit Judges, and HIGGINBOTHAM, District Judge.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

In the early morning hours of December 24, 1959, a fire destroyed the "Bargain City U.S.A." shopping center in Horsham, Pennsylvania. As a result, appellants instituted separate diversity actions in the district court alleging that Philadelphia Electric Company, a supplier of gas to the premises, had negli-

1. Appellants Arkwright and Sud America brought these suits in their capacity as subrogees of certain assured shopping center tenants. Wilbur Rogers was an uninsured tenant.

50. Budge Mfg. Co. v. United States, 280 F.2d 414 (3 Cir. 1960); Eisenberg v. Smith, 263 F.2d 827 (3 Cir.), cert. den. 360 U.S. 918, 79 S.Ct. 1436, 3 L.Ed. 2d 1534 (1959).

■■ But even assuming the procedural adequacy of the motion, the trial transcript here reveals that there were substantial questions of negligence and causation raised by appellants' testimony.[2] Where such questions exist, both the Seventh Amendment and the common law require that only the jury resolve them. Appellants respond, however, that there were no factual disputes for resolution and, consequently, a verdict in their favor was required. Accepting, *arguendo*, that the facts were undisputed, the absence of evidentiary conflicts in no way implies that the plaintiff has borne the burden of proof as a matter of law. It is the jury alone which must also draw conclusions from these facts. As the Supreme Court observed long ago in Richmond & Danville R. Co. v. Powers, 149 U.S. 43, 45, 13 S.Ct. 748, 749, 37 L.Ed. 642 (1893):

> It is well settled that where there is uncertainty as to the existence of either negligence or contributory negligence, the question is not one of law, but of fact, and to be settled by a jury; and this, whether the uncertainty arises from a conflict in the testimony, or because the facts being undisputed, fair minded men will honestly draw different conclusions from them.

■ This is not to say that the use of the directed verdict or judgment n. o. v. in favor of the plaintiff is an impossibility in a federal diversity action. Only last year, this court held in Gatenby v. Altoona Aviation Corp., 407 F.2d 443, 445 (3 Cir. 1969), that: "Where the party having the burden of proof produces evidence which establishes the facts in his favor so clearly that reasonable men could have no doubt, he is entitled to a verdict directed in his favor." Appellants here produced no such compelling evidence. Their motion for judgment notwithstanding the verdict was properly denied.

■ Turning to appellants' motion for a new trial, we are initially faced with a procedural question under Rule 59 (b), Fed.R.Civ.Pro. That rule provides that a motion for a new trial "shall be served not later than 10 days after the entry of judgment." In the instant case, the district court entered final judgment on February 17, 1966. Eight days later appellants filed their motion for a new trial in which they advanced nine specific grounds.[3] Included in the closing paragraph of the motion was a statement which purported to "reserve the right to file and specify additional errors upon the receipt of the transcript of the testimony." Over two years later—and approximately ten months after the transcript had been filed—appellants presented 38 "additional reasons" for a new trial. The district judge ruled that the 10 day limit of Rule 59(b) prevented consideration of these additional reasons. We agree.[4]

2. There was considerable dispute over the use of non-heat resistant materials in the gas system. Some testimony indicated that no such materials were required and that the equipment conformed to industry standards. As to the cause of the initial blaze, several employees testified to the absence of the odor or sound of gas prior to the discovery of the fire and plaintiffs' own insurance experts testified that their inspection of the premises prior to the fire revealed no defects in the Philadelphia Electric system. With respect to the plaintiffs' claim that Philadelphia Electric was dilatory in turning the gas off after the fire had started, the question of whether the delay encountered negligently caused further damage to the premises was clearly a jury question.

3. The motion numbered twelve reasons, the first three of which recited generally that the verdict was contrary to the law, contrary to the evidence and contrary to the weight of the evidence.

4. The court alternatively examined the merits of each reason and concluded that none justified the award of a new trial. Since some of these additional reasons might broadly be construed as elaborations of

This court has previously held in Massaro v. United States Lines Co., 307 F.2d 299, 303 (3 Cir. 1962) and Russell v. Monongahela R. Co., 262 F.2d 349, 354 (3 Cir. 1958), that a district court is without authority to grant a new trial for reasons assigned after the mandatory 10 day period under Rule 59(b). Since appellants relate no extraordinary circumstances which might conceivably allow consideration under 'Rule 60(b), the district court could not award a new trial for any of the additional reasons.

Examining the reasons advanced in the original motion filed within the 10 day limit, we see no substance in the assertions that the jury's verdict was contrary to the law or evidence. As noted previously, the testimony presented the jury with a legitimate choice between liability and nonliability. Their choice of the latter was contrary to neither the law nor the evidence.

■ Similarly, we are unimpressed with appellants' arguments that the district court erred in allowing defense counsel to cross-examine certain insurance group employees about the inspection of the premises they had made prior to the fire. These inspections were conducted to evaluate the insurability of the property. Since appellants' original allegations of negligence included a claim that the defendant's installation of the heating system was defective, the testimony of these witnesses relating to their pre-fire inspections was certainly relevant. As to claims that the scope of the cross-examination unreasonably exceeded the limits of the direct, we detect no abuse of discretion by the trial judge in allowing a wide latitude for cross-examination. Wagner v. Pennsylvania

R. Co., 282 F.2d 392 (3 Cir. 1960). A review of the evidence adduced on direct examination by these witnesses, both by oral testimony and exhibits, convinces us that the cross-examination did not exceed permissible grounds.

Appellants also complain that the trial court committed fundamental error when it included the following words in its charge on their burden of proof:

> By a fair preponderance of the evidence is meant that if you hesitate or are doubtful as to whether your verdict should be in favor of the plaintiff, then the plaintiff has failed to satisfy you by a fair preponderance of the evidence. * * *[5]

■ We agree that, standing alone, the above words do not accurately reflect a correct statement of the plaintiffs' burden of proof in civil litigation. But immediately following this language, the district judge undertook an extensive discussion of the proper standard, employing the classic examples of weighing and balancing the evidence and explaining the correct meaning of the preponderance of the evidence. Reading the charge as a whole, it is clear that the jury was more than adequately instructed in the proper evaluation of the plaintiffs' case. Any harm or confusion which could conceivably have inured from the inaccuracy of the court's initial explanation was obviated by its extensive spelling out of the correct standard. In addition, we note that the appellants took no specific exception to this portion of the charge under Rule 51 and thus, absent a finding of fundamental error—which we do not perceive here—no grounds for a new trial are presented. Kolman v. Jacoby, 419 F.2d 395 (3 Cir. 1969); Rodriguez v. Brunswick Corp., 364 F.2d 282 (3 Cir. 1966).

the original reasons advanced, we have also reviewed them and similarly find them without merit.

5. This point was not specifically raised in the original motion for a new trial. As

noted previously, although in our view the additional reasons advanced are untimely under Rule 59(b) we have reviewed them, especially where, as here, the error is advanced as fundamental.

The same may be said for appellants' objections to the district court's failure to incorporate certain submitted points for charge. A refusal to charge in the precise form of submitted points is not error where the court covers the substance of the requested charge. Mannke v. Benjamin Moore & Co., 375 F.2d 281 (3 Cir. 1967).[6]

Moving on, appellants assert that they were substantially prejudiced throughout the trial by the misconduct of defense counsel. Particular emphasis is placed on what is characterized as counsel's unwarranted assertions of facts not in evidence. First, the argument ignores the caution given to the jury by both counsel and the court that assertions of counsel could not be considered as evidence. Furthermore, the conduct of counsel is within the sound control and discretion of the trial judge. He is in the unique position to evaluate the impact of counsel's performance on the jury. His impression that no prejudice has resulted carries great weight and only the clearest abuse of discretion can justify appellate intervention. A review of this record leaves no impression that the district judge abused his discretion in this respect.

We have carefully considered the comprehensive attack by the appellants on the lengthy proceedings held in the district court—an attack that took the form of three separate sets of brief and appendices and extended oral argument—and we find no grounds for awarding a new trial.

The judgment of the district court will be affirmed.

---

6. For example, although the court did not specifically adopt the submitted language concerning the defendant's duty to shut off the gas after the fire started, it did charge that "the gas company may also be found negligent if it failed to turn off the gas with reasonable promptness after it was notified of the fire." The court then reviewed the testimony on this point and concluded: "It is for you ladies and gentlemen of the jury to decide whether this length of time was unreasonable under the circumstances and the facts of this case as you recall those facts."